Case 2:03-bk-37579-BR   Doc 363   Filed 11/23/05   Entered 11/28/05 12:11:25   Desc
Main Document   Page 1 of 15

ORIGINAL

FILED
NOV 23 2005
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

James C. Bastian, Jr. – Bar No. 175415
Irena Leigh Norton – Bar No. 167017
Manijha Kadir – Bar No. 219974
**SHULMAN HODGES & BASTIAN LLP**
3750 University Avenue, Suite 670
Riverside, California 92501
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000

Special Counsel for Richard A. Marshack, the Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| **In re** | Case No.  LA 03-37579 TD |
| **FOUR STAR FINANCIAL SERVICES, LLC.,** | Chapter 7 |
| **Debtor.** | Adversary No. |
| | **COMPLAINT FOR:** |
| **RICHARD A. MARSHACK, solely in his capacity as the Chapter 7 Trustee,** | 1. AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS |
| Plaintiff, | 2. AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS |
| vs., | |
| **DAVID ROBERTS, an individual,** | 3. RECOVERY OF AVOIDED TRANSFERS |
| Defendant(s). | 4. DISALLOWANCE OF CLAIMS |
| | **Status Conference**: |
| | Date:   [To Be Set] |
| | Time:   [To Be Set] |
| | Place:  Courtroom 1345 |
| |        Edward R. Roybal Federal Building and Courthouse |
| |        255 East Temple Street |
| |        Los Angeles, CA 90012 |

1

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

Richard A. Marshack ("Trustee" or "Plaintiff"), solely in his capacity as the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Four Star Financial Services, LLC ("Four Star" or "Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as Trustee, has standing to bring this action under 11 U.S.C. §§ 323, 544, 548 and 550 and California Civil Code §§ 3439.04, 3439.05, 3439.06, 3439.07 and 3439.09.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and is related to the Debtor's bankruptcy case, which was commenced through the filing of an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against the Debtor on October 24, 2003 (the "Petition Date") in the Central District of California, Los Angeles Division.

4. On November 26, 2003, the court entered an Order for Relief under Chapter 11 of the Bankruptcy Code and directed that the Office of the United States Trustee appoint a Chapter 11 Trustee for the Debtor's bankruptcy estate (the "Estate").

5. On or about December 11, 2003, the Office of the United States Trustee appointed Richard A. Marshack as the Chapter 11 Trustee for the Debtor's Estate.

6. Upon the Chapter 11 Trustee's Motion, and pursuant to court order entered on March 18, 2004, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $5,000.

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

8.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H), and to the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

9.     To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. §502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II.    PARTIES

10.    Plaintiff is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy estate, and brings the claims asserted herein in that capacity.

11.    Plaintiff is informed and believes and thereon alleges that the Defendant, David Roberts, an individual, (the "Defendant") conducted business with the Debtor prior to the Petition Date, specifically as a recipient of commissions and as an investor.

## III.    GENERAL ALLEGATIONS

12.    Effective January 1, 1997, Four Star acquired the operations of 900 Capital Services, Inc. ("900 Capital"), in order to convert the operation from a corporation to a limited liability company. The managers and principals were unchanged.

13.    At its inception, Four Star received "roll-over" investments from certain investors who previously invested in 900 Capital. From 1997 until late 2002, Four Star solicited and received investments through the sale of debt instruments named "Cash Flow Notes", through the sale of limited memberships in Four Star, and through the sale of interests in individual long distance telephone call "Arbitrage Contracts".

14.    Plaintiff is informed and believes and thereon alleges that from 1992, when 900 Capital was incorporated, until the filing of an involuntary bankruptcy petition against Four Star in October 2003, 900 Capital and Four Star knowingly and intentionally devised and executed a scheme to defraud its investors, creditors and others.

3

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

15. As part and parcel of this scheme, Four Star obtained investors' money and property in exchange for investments in the form of notes, memberships and "Arbitrage" contracts.

16. The business of Four Star was to conduct a Ponzi-type scheme through which the principals and employees of Four Star made monthly payments to investors as "commissions" or "interest" on their investments using funds from more recent investors to lull investors into believing that the companies were solvent and profitable and to solicit additional investments.

17. Plaintiff is informed and believes and thereon alleges that Four Star made false promises to its investors about the business of Four Star and the conditions under which distributions to investors would be made. Four Star prepared and distributed to investors and others false financial statements that overstated the assets, revenues, and profits of Four Star and its predecessor, 900 Capital.

18. In fact, from the inception of 900 Capital, and certainly at the time of the reorganization of its operations into Four Star, the business carried millions of dollars in bad debt and operated at a loss. The company relied on incoming investment to make its monthly payments to investors. At no time was there income from its investments or operations sufficient to meet its obligations to creditors or to make monthly payments to investors or brokers for "commissions" or investment returns.

19. Plaintiff is informed and believes, and on that basis alleges, that Four Star did not have or maintain any telephone "Arbitrage" contracts or "Arbitrage" investments, but used the money solicited under those pretenses to pay prior investors.

20. Contrary to the representations contained in the Private Placement Memoranda ("PPM") with which Four Star solicited investments, Four Star did not earn sufficient returns from its factoring relationships to pay its investors pursuant to the Cash Flow Note; did not have assets in excess of its liabilities; and should not have paid millions of dollars to its management in fees. Instead, to stay in business it relied on increasing the number and amount of investments by Cash Flow Note holders.

4

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

21. Plaintiff is informed and believes, and on that basis alleges, that at all times from 1995 forward, and at least from the 1997 reorganization of 900 Capital into Four Star, Four Star was insolvent. Instead Four Star relied on millions of dollars in worthless, non-performing or non-existing assets to show apparent revenues and solvency.

22. Four Star could only afford to make investor payments by soliciting new investments because its operating income did not cover its expenses or its obligations to investors.

23. In its PPM, Four Star represented that distributions of cash to members and/or investors would only be paid from "available cash from operations" and they would not be made if the company were insolvent.

24. In fact, Four Star was insolvent from its inception, and relied upon new investors to make the monthly payments to investors and/or members, including "commissions" and "interest" on investments.

25. In August 2002, however, Four Star's payments to investors ceased.

26. On October 23, 2003, Four Star's investors placed the company into Involuntary Bankruptcy.

27. Four Star never developed or acquired any substantial streams of legitimate revenue. Four Star never had revenue sufficient to meet either its total expenses or its obligations to investors standing alone. Instead, Four Star used new investor money, credit lines of its affiliated persons and entities, and other non-income sources to make regular monthly payments to existing investors to give the appearance that it was a profitable organization.

28. Plaintiff is informed and believes and thereon alleges that Defendant solicited and obtained additional investors on behalf of Four Star, and in furtherance of Four Star's scheme, while Defendant knew or should have known that Four Star was not a legitimate business, did not have revenues sufficient to pay any return to its investors, and that payments made by Four Star, including those characterized as "commissions", could only be derived from funds provided by the investments of new investors, including those referred to Four Star by Defendant.

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\1 !
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

1  Defendant's actions did not provide value to the Debtor, in that the solicitation and obtaining of
2  new investors merely perpetuated the fraudulent scheme of Four Star. Defendant received
3  "commission" payments from Four Star in the amount $3,000, as follows (the "Commission
4  Payments"):

| Check Date | Check No. | Amount |
|---|---|---|
| 2-29-00 | 7310 | $3,000 |
| | TOTAL COMMISSION PAYMENTS: | $3,000 |

29.  Plaintiff is informed and believes and thereon alleges that Defendant was also an investor in Four Star during the years 1997 through 2002. Unlike nearly all of Four Star's investors, who lost all or nearly all of their investments, Defendant received returns that not only completely refunded the original principal of Defendant's investment, but resulted in a net profit to Defendant of $6,848,604. If Defendant's commissions are included as returns, the net profit is $6,848,604.

30.  Plaintiff is informed and believes and thereon alleges that Defendant, as an investor of Four Star, received the following transfers of funds from Four Star ("Investor Payments"):

| Date | Ck# | Transfer |
|---|---|---|
| 05/31/2000 | 1013 | $ 90 |
| 06/30/01 | 114868 | $ 630 |
| 06/30/01 | 114867 | $ 209 |
| 04/22/02 | TRF | $ 5,005,699 |
| 04/22/02 | TRF | $ 8,792 |
| 01/16/98 | 1151 | $ 30,000 |
| 03/15/98 | 1525 | $ 30,000 |
| 04/15/98 | 1806 | $ 30,000 |
| 07/15/98 | 2516 | $ 30,000 |
| 11/04/98 | 3357 | $ 250,000 |
| 05/07/02 | 118705 | $ 264,000 |
| 07/31/98 | 51106 | $ 3,945 |
| 08/31/98 | 51281 | $ 5,000 |
| 09/30/98 | 51463 | $ 5,000 |
| 10/31/98 | 51654 | $ 5,000 |
| 11/30/98 | 51850 | $ 658 |
| 3/31/99 | 52716 | $ 3,255 |

6

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

| Date | Ck# | Transfer |
|---|---|---|
| 4/30/99 | 52949 | $ 4,993 |
| 5/31/99 | 53194 | $ 12,000 |
| 6/30/99 | 53442 | $ 12,000 |
| 7/31/99 | 5598 | $ 18,000 |
| 8/31/99 | 5881 | $ 18,000 |
| 9/30/99 | 6137 | $ 18,000 |
| 10/31/99 | 6311 | $ 18,000 |
| 11/30/99 | 6507 | $ 18,000 |
| 11/30/99 | 54762 | $ 15,986 |
| 01/01/2000 | 6791 | $ 18,000 |
| 01/01/2000 | 55035 | $ 15,000 |
| 01/31/2000 | 7083 | $ 4,521 |
| 01/31/2000 | 7095 | $ 18,000 |
| 01/31/2000 | 55310 | $ 15,000 |
| 02/29/2000 | 7292 | $ 27,500 |
| 02/29/2000 | 7304 | $ 18,000 |
| 02/29/2000 | 55596 | $ 15,000 |
| 03/31/2000 | 320 | $ 48,575 |
| 03/31/2000 | 332 | $ 18,000 |
| 03/31/2000 | 1206 | $ 15,000 |
| 04/30/2000 | 522 | $ 52,500 |
| 04/30/2000 | 585 | $ 18,000 |
| 04/30/2000 | 1520 | $ 15,000 |
| 05/31/2000 | 794 | $ 52,500 |
| 05/31/2000 | 761 | $ 18,000 |
| 05/31/2000 | 1830 | $ 15,000 |
| 06/30/2000 | 1185 | $ 52,500 |
| 06/30/2000 | 1204 | $ 18,000 |
| 06/30/2000 | 2146 | $ 15,000 |
| 07/31/2000 | 1455 | $ 52,500 |
| 07/31/2000 | 1422 | $ 18,000 |
| 07/31/2000 | 112459 | $ 15,000 |
| 08/31/2000 | 1707 | $ 52,500 |
| 08/31/2000 | 1726 | $ 18,000 |
| 08/31/2000 | 112776 | $ 15,000 |
| 09/30/2000 | 1976 | $ 52,500 |
| 09/30/2000 | 1996 | $ 18,000 |
| 09/30/2000 | 113099 | $ 15,000 |
| 10/31/2000 | 2225 | $ 52,500 |
| 10/31/2000 | 2244 | $ 18,000 |

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11

C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

| Date | Ck# | Transfer |
|---|---|---|
| 10/31/2000 | 1113536 | $ 15,000 |
| 11/30/2000 | 112478 | $ 52,500 |
| 11/30/2000 | 112516 | $ 18,000 |
| 11/30/2000 | 1113851 | $ 15,000 |
| 01/01/01 | 112727 | $ 52,500 |
| 01/01/01 | 112764 | $ 18,000 |
| 01/01/01 | 1114165 | $ 15,000 |
| 01/31/01 | 113008 | $ 52,500 |
| 01/31/01 | 113027 | $ 18,000 |
| 01/31/01 | 1114482 | $ 15,000 |
| 02/28/01 | 113338 | $ 52,500 |
| 02/28/01 | 113376 | $ 18,000 |
| 02/28/01 | 1114809 | $ 15,000 |
| 03/31/01 | 113632 | $ 52,500 |
| 03/31/01 | 113670 | $ 18,000 |
| 03/31/01 | 1115140 | $ 15,000 |
| 04/30/01 | 113915 | $ 52,500 |
| 04/30/01 | 113953 | $ 18,000 |
| 04/30/01 | 1115517 | $ 15,000 |
| 05/31/01 | 114299 | $ 52,500 |
| 05/31/01 | 114337 | $ 18,000 |
| 05/31/01 | 1115842 | $ 7,500 |
| 06/30/01 | 114678 | $ 52,500 |
| 06/30/01 | 114644 | $ 18,000 |
| 06/30/01 | 1116174 | $ 15,000 |
| 07/31/01 | 115155 | $ 52,500 |
| 07/31/01 | 115193 | $ 18,000 |
| 07/31/01 | 1116520 | $ 15,000 |
| 08/31/01 | 115500 | $ 52,500 |
| 08/31/01 | 115539 | $ 18,000 |
| 08/31/01 | 1116865 | $ 15,000 |
| 09/30/01 | 115850 | $ 52,500 |
| 09/30/01 | 115889 | $ 18,000 |
| 09/30/01 | 1117217 | $ 15,000 |
| 10/15/01 | 116091 | $ 175,000 |
| 10/31/01 | 116349 | $ 52,500 |
| 10/31/01 | 116385 | $ 18,000 |
| 10/31/01 | 1117606 | $ 15,000 |
| 11/12/01 | 116499 | $ 220,505 |
| 11/30/01 | 116677 | $ 52,500 |

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11

C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

| Date | Ck# | Transfer |
|---|---|---|
| 11/30/01 | 116713 | $ 18,000 |
| 11/30/01 | 1117976 | $ 15,000 |
| 12/27/01 | 117107 | $ 199,640 |
| 01/01/02 | 116895 | $ 52,500 |
| 01/01/02 | 116932 | $ 18,000 |
| 01/01/02 | 1118359 | $ 15,000 |
| 01/31/02 | 117323 | $ 52,500 |
| 01/31/02 | 117359 | $ 18,000 |
| 01/31/02 | 1118733 | $ 15,000 |
| 02/28/02 | 117858 | $ 14,795 |
| 02/28/02 | 117666 | $ 52,500 |
| 02/28/02 | 117630 | $ 18,000 |
| 02/28/02 | 1119094 | $ 15,000 |
| 03/31/02 | 118215 | $ 75,000 |
| 03/31/02 | 118026 | $ 52,500 |
| 03/31/02 | 117989 | $ 18,000 |
| 03/31/02 | 1120839 | $ 15,000 |
| 04/30/02 | 118662 | $ 37,500 |
| 04/30/02 | 118518 | $ 52,500 |
| 04/30/02 | 118482 | $ 18,000 |
| 04/30/02 | 1121206 | $ 15,000 |
| 05/31/02 | 118959 | $ 52,500 |
| 05/31/02 | 119082 | $ 18,000 |
| 05/31/02 | 1121603 | $ 15,000 |
| 06/30/02 | 119416 | $ 52,500 |
| 06/30/02 | 119452 | $ 18,000 |
| 06/30/02 | 1121993 | $ 15,000 |
| 07/31/02 | 119700 | $ 52,500 |
| 07/31/02 | 119759 | $ 18,000 |
| 07/31/02 | 1122386 | $ 15,000 |
| 08/31/02 | 119977 | $ 52,500 |
| 08/31/02 | 120000 | $ 18,000 |
| 08/31/02 | 1122738 | $ 15,000 |
| 9/24/97 | 8090 | $ 100,000 |
| 02/15/98 | 1348 | $ 30,000 |
| 05/15/98 | 2057 | $ 30,000 |
| 06/15/98 | 2303 | $ 30,000 |
| 08/15/98 | 2721 | $ 30,000 |
| 09/15/98 | 2946 | $ 30,000 |
| 10/15/98 | 3174 | $ 9,763 |

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11

C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

| Date | Ck# | Transfer |
|---|---|---|
| 08/17/01 | 115399 | $ 164,062 |
| 11/15/97 | 8386 | $ 30,000 |
| 12/15/97 | 8440 | $ 30,000 |
| 2/3/97 | 7183 | $ 2,917 |
| 3/28/97 | 1755 | $ 2,917 |
| 5/28/97 | 1908 | $ 2,917 |
| 4/28/97 | 7572 | $ 2,917 |
| 8/28/97 | 8031 | $ 2,917 |
| 7/28/97 | 7946 | $ 2,917 |
| 2/28/97 | 7322 | $ 2,917 |
| 6/27/97 | 7849 | $ 2,917 |
| 10/15/97 | 8223 | $ 30,000 |
| 05/31/2000 | 1831 | $ 7,151 |
| 06/30/2000 | 2147 | $ 7,500 |
| 07/31/2000 | 112460 | $ 7,500 |
| 08/31/2000 | 112777 | $ 7,500 |
| 09/30/2000 | 113100 | $ 7,500 |
| 10/31/2000 | 1113537 | $ 7,500 |
| 11/30/2000 | 1113852 | $ 7,500 |
| 01/01/01 | 1114166 | $ 7,500 |
| 01/31/01 | 1114483 | $ 7,500 |
| 02/28/01 | 1114810 | $ 7,500 |
| 03/31/01 | 1115141 | $ 7,500 |
| 04/30/01 | 1115518 | $ 7,500 |
| 05/31/01 | 1115843 | $ 7,500 |
| **TOTAL TRANSFERS:** | | **$ 9,848,604** |

31.  The Commission Payments and Investor Payments shall be collectively referred to hereinafter as the "Transfers".

32.  Plaintiff is informed and believes that additional transfers may have been made to the Defendant within four years of the Petition Date. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery is conducted.

33.  Plaintiff is informed and believes that the Debtor did not receive value in exchange for such Transfers.

10

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

34. Plaintiff is informed and believes that such Transfers are avoidable as fraudulent transfers.

### FIRST CLAIM FOR RELIEF

[Avoidance of Intentional Fraudulent Transfers]

[11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.07, 3439.09]

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 and realleges these paragraphs as though set forth in full.

36. Plaintiff is informed and believes and based thereon alleges that the Transfers were made to or for the benefit of the Defendant.

37. Plaintiff is informed and believes and based thereon alleges that the Transfers were for no consideration or less than reasonably equivalent value.

38. Plaintiff is informed and believes and based thereon alleges that the Transfers were made at a time when the Debtor was insolvent, and/or was rendered insolvent by virtue of said Transfers.

39. Plaintiff is informed and believes and based thereon alleges that the Transfers were made on or within four (4) years of the Petition Date, but in no event longer than seven years prior the Petition Date.

40. Plaintiff is informed and believes and based thereon alleges that the Transfers were made either in anticipation of bankruptcy and/or to prevent the Debtor from paying its debts. They were made for the purpose of preventing a prospective bankruptcy trustee and/or creditors of the Debtor from obtaining the value of the Transfers. Plaintiff is informed and believes and based thereon alleges that the Transfers were made with the actual intent to hinder, delay or defraud creditors of the Debtor and that said Defendant had knowledge of this intent by actively and knowingly participating in the sham transactions described hereinabove.

41. Based upon the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. §§ 544, 548 and/or California Civil Code §§ 3439.04, 3439.07, 3439.09.

11

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

## SECOND CLAIM FOR RELIEF

[Avoidance of Constructive Fraudulent Transfers]

[11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04. 3439.05, 3439.07, 3439.09]

42. Plaintiff hereby incorporates by reference paragraphs 1 through 41 and realleges these paragraphs as though set forth in full.

43. Plaintiff is informed and believes and based thereon alleges that the Transfers were made to or for the benefit of the Defendant.

44. Plaintiff is informed and believes and based thereon alleges that there are present creditors of the Debtor listed at the time of the Transfers that still remain unpaid as of the Petition Date.

45. Plaintiff is informed and believes and based thereon alleges that future creditors of the Debtor existed following the Transfers who remain unpaid as of the Petition Date.

46. Plaintiff is informed and believes and based thereon alleges that the Transfers were made on or within four (4) years of the Petition Date, but in no event longer than seven years prior the Petition Date.

47. Plaintiff is informed and believes and based thereon alleges that Transfers were made:

  a. For less than reasonably equivalent value, or any value, in exchange for said Transfers;

  b. While the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction;

  c. While the Debtor intended to incur, or believed or reasonably should have believe the Debtor would incur, debts beyond the Debtor's ability to pay them as they became due; and/or

  d. By the time that the Debtor was insolvent and/or was rendered insolvent by virtue of said Transfers.

12

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

48. Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. §§ 544, 548 and/or California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09.

### THIRD CLAIM FOR RELIEF

[Recovery of Avoided Transfers]

[11 U.S.C. § §550]

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48 and realleges these paragraphs as though set forth in full.

50. Plaintiff may recover for the benefit of the Estate, the Transfers or the value of such Transfers from the Defendant or from the entity or entities for whose benefit such Transfers were made, or any immediate or mediate transferee of such initial transferee.

51. The Transfers (including any other transfers from the Debtor to the Defendant discovered after the date of this Complaint) are recoverable from the Defendant pursuant to 11 U.S.C. § 550 to the extent such Transfers are avoided.

### FOURTH CLAIM FOR RELIEF

[Disallowance of Claims]

[11 U.S.C. § 502(d)]

52. Plaintiff hereby incorporates by reference paragraphs 1 through 51 and realleges these paragraphs as though set forth in full.

53. Plaintiff is informed and believes and based thereon alleges that the Defendant received avoidable transfers and Defendant is the party from which such transfers are recoverable pursuant to 11 U.S.C. §550.

54. Defendant has not paid the amount or turned over any such property for which Defendant is liable pursuant to the Bankruptcy Code.

55. Pursuant to 11 U.S.C. §502(d), to the extent Defendant files a claim, such claim should be disallowed.

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\11
C:\Documents and Settings\annemarie\Local Settings\Temporary Internet Files\OLK2D\Complaint_Commissions 001.doc

1      **WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

2      1.    That the Transfers identified herein are avoided as fraudulent transfers under 11 U.S.C. §§ 544, 548 and/or Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09;

    2.    That Plaintiff shall recover from the Defendant or any immediate or mediate transferee of the Defendant the Transfers and any other avoided transfers discovered after the date of this Complaint under 11 U.S.C. § 550;

    3.    That Judgment be entered against the Defendant for the value of the Transfers, together with interest thereon at the legal rate from the date of each of the Transfers;

    4.    That if Defendant fails or refuses to turn over the Transfers and/or the value of such Transfers to Plaintiff, any claim of Defendant shall be disallowed;

    5.    For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

    6.    For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated: November 23, 2005

                /s/ Irena Leigh Norton
James C. Bastian, Jr.
Irena Leigh Norton
Manijha Kadir
Special Counsel for Richard A. Marshack, Chapter 7 Trustee for the Bankruptcy Estate of Four Star Financial Services

SHULMAN HODGES &
BASTIAN LLP
3750 University Avenue
Suite 670
Riverside, CA 92501

3444-000\1\
G:\Wp\Cases\E-F\Four Star Financial Services\Adv\RobertsDavid\Complaint_Commissions.001.doc

14

ORIGINAL

| B. 104 (Rev. 8/99) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

**PLAINTIFFS**
RICHARD A. MARSHACK, solely in his capacity as the Chapter 7 Trustee,

Address

**DEFENDANTS**
DAVID ROBERTS, an individual

Address
947 Tiverton Avenue, Los Angeles, CA 90024

**ATTORNEYS** (Firm Name, Address, and Telephone Number)
James C. Bastian, Jr. – Bar No. 175415
Irena Leigh Norton – Bar No. 167017
Manijha Kadir – Bar No. 219974
**SHULMAN HODGES & BASTIAN LLP**
3750 University Avenue, Suite 670
Riverside, California 92501
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

**ATTORNEYS** (If Known)
Unknown

RECEIVED
NOV 23 2005
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**PARTY** (Check one box only)   1 U.S. PLAINTIFF   2 U.S. DEFENDANT   3 U.S. NOT A PARTY

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. Statutes involved)
Complaint to Recover Money or Property

**NATURE OF SUIT** (Check the one most appropriate box only.)

- ☒ 454 To recover money or property
- 435 To determine validity, priority or extent of a lien or other interest in property
- 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- 424 To object or to revoke a discharge 11 U.S.C. 727
- 455 To revoke an order of confirmation of a Chapter11 or Chapter 13 Plan
- 426 To determine the dischargeability of a debt 11 U.S.C. §523
- 434 To obtain an injunction or other equitable relief
- 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- 458 To obtain a declaratory judgment relating to any of foregoing causes of action
- 459 To determine a claim or cause of action removed to a bankruptcy court
- 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☒ 1 Original Proceeding   2 Removed Proceeding   4 Reinstated or Reopened   5 Transferred from Another Bankruptcy Court

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** | NEAREST THOUSAND $10M | OTHER RELIEF SOUGHT | JURY DEMAND

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

NAME OF DEBTOR: Four Star Financial Services LLC
BANKRUPTCY CASE NUMBER: LA 03-37579 TD

DISTRICT IN WHICH CASE IS PENDING: CENTRAL
DIVISIONAL OFFICE: LOS ANGELES
NAME OF JUDGE: THOMAS B. DONOVAN

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
|---|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE | |

**FILING FEE** (Check one box only.)   FEE ATTACHED   FEE NOT REQUIRED   ☒ FEE IS DEFERRED

DATE: November 23, 2005
PRINT NAME: Irena Leigh Norton
SIGNATURE OF ATTORNEY (OR PLAINTIFF)
SHULMAN HODGES & BASTIAN LLP
By: /s/ Irena Leigh Norton

G:\Wp\Cases\E-F\Four Star Financial Services\Adv\RobertsDavid\AdvCoverSheet.doc