D. EDWARD HAYS, #162507
ehays@marshackhays.com
**MARSHACK HAYS LLP**
5410 Trabuco Road, Suite 130
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Special Claims Counsel for Chapter 7 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FOUR STAR FINANCIAL SERVICES, LLC,<br><br>Debtor. | Case No. 2:03-bk-37579-TD<br><br>Chapter 7<br><br>CHAPTER 7 TRUSTEE'S <u>AMENDED</u> MOTION FOR AN ORDER MODIFYING CLAIM OBJECTION PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT THEREOF<br><br>Date: November 4, 2009<br>Time: 10:00 a.m.<br>Ctrm: 1352<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER

INTERESTED PARTIES:

The Chapter 7 Trustee, Richard A. Marshack ("Trustee"), of the bankruptcy estate ("Estate") of the Debtor, Four Star Financial Services, LLC ("Debtor"), files this amended motion requesting entry of an Order modifying the procedure for claims objections to be filed in this case (the "Amended Motion"). Specifically, the Trustee requests that the Court dispense with the requirement of attaching a copy of the subject proof of claim to the multiple omnibus claim objection motions filed with the Court. Trustee will provide a copy of the subject proof of

claim to the claimant and if any written opposition is received to an objection, the Trustee will attach a copy of the subject proof of claim to his reply.

1. <u>SUMMARY OF MOTION</u>

The Trustee is in the process of filing approximately 15 separate omnibus motions objecting to general unsecured claims (the "Objections"). The Objections relate to approximately 400 separate proofs of claim. Unless otherwise permitted by the Court, Local Bankruptcy Rule 3007(c)(2) requires that full and complete copies of all disputed proofs of claim, including attachments or exhibits, be attached to any claims objection.

Previously, the Trustee filed an emergency motion requesting that he be excused from attaching copies of each proof of claim to the Objections. In response to the filing of the emergency motion, the Trustee's staff was advised by chambers that the Court declined to set a hearing on the emergency motion. By way of this Amended Motion, the Trustee renews his request since it is unclear whether the Court ruled on the substance of the emergency motion or whether the decision not to set a hearing was based on the lack of exigent circumstances.

In this case, there are approximately 451 general unsecured claims filed by creditors of the Debtor. A copy of each claim already is on file with the Court. Approximately 400 of these claims have been filed by investors defrauded in the Debtor's Ponzi scheme ("Investors" or "Investor Claims"). Most of the Investors have filed proofs of claim for their full amount of their principal plus interest at the illegal rate promised by the Debtor.

Pursuant to Ninth Circuit case law (and prior rulings by this Court), the Investors are not entitled to include the promised illegal returns on their proofs of claim. Instead, the Investors' claims must be limited to the amount of their unpaid principal. The Trustee is in the process of drafting hundreds of objections to Investor claims that have improperly included the illegally promised returns.

To conserve the Court's and the Estate's limited resources, and to reduce the size of the omnibus Objections, the Trustee respectfully requests that the Court dispense with the requirement that a full and complete copy of each disputed proof of claim be attached to the Objections filed with the Court. The Trustee will provide a copy of each disputed proof of claim

to the claimant and if any opposition to the Objections is filed, the Trustee will attach a copy of the subject claim to his reply.

2. <u>BACKGROUND</u>

Prior to bankruptcy, the Debtor purported to be in the business of investing in various enterprises including factoring accounts receivable for businesses with "1-900" telephone numbers, internet pornography and telephone arbitrage contracts. The Debtor's three managing members were Ronald Anson, Jack Garrett and Mark Cohn.

Contrary to representations made to investors, the Debtor was operating a Ponzi scheme. Investor losses ultimately exceeded $60 million.

3. <u>PROCEDURAL HISTORY</u>

On October 24, 2003, an involuntary petition under Chapter 11 of Title 11 of the United States Code was filed against Four Star Financial Services, LLC ("Debtor"). On November 26, 2003, an Order for Relief was entered. On the same date, the Court entered an Order directing appointment of a Chapter 11 Trustee. Richard A. Marshack was appointed the Chapter 11 Trustee.

On March 17, 2004, an Order was entered converting this case to a case under Chapter 7. On March 23, 2004, the conversion became effective. After the conversion, Richard A. Marshack continued to serve as the Chapter 7 Trustee of the Debtor's Estate.

The Trustee has concluded his claims review and has filed objections to priority claims and secured claims. The Trustee currently is preparing objections to general unsecured creditor claims.

Of the proofs of claim filed with the Court, many fall into the category of general unsecured creditors whom "invested" money in what has been determined to be a Ponzi Scheme (the "Investors").

In most instances, the Investors have filed claims for the full amount of their unpaid principal plus interest calculated at the illegal rate promised by the Debtor. There are approximately 400 such Investors.

///

4. <u>LEGAL ARUGUMENT REGARDING OMNIBUS CLAIM OBJECTIONS</u>

Most of Investors are seeking an allowed claim for the amount of their investment plus the interest promised by the Debtor. The Investors apparently are basing their claim on a 'benefit of the bargain' theory which might normally govern contract claims under California law. Ponzi schemes, however, are illegal and Courts will not enforce an illegal bargain. *R. M. Sherman Co. v. W. R. Thomason, Inc.* (1987) 191 Cal.App.3d 599,236 Cal.Rptr. 577.

In bankruptcy cases, courts must apply principles of equity and disallow illegally promised returns. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 162, 67 S.Ct. 237, 91 L.Ed. 162 (1946) [equitable principles in bankruptcy override state law]; *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966)["there is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction"].

Recovery of both false profits and the original investment would not be equitable because such "profits" are paid at the expense of the later, equally innocent, investors. *In re Tedlock Cattle Co., Inc.* 552 F.2d 1351, 1352 (9th Cir. 1977); *In re Taubman*, 160 B.R. 964 (S.D. Ohio 1993).

Based on the foregoing, the Trustee is in the process of drafting objections to these approximate 400 investor claims. In previous rulings in this case, the Court has sustained similar objections filed by the Trustee.

5. <u>LEGAL ARGUMENT REGARDING MODIFICATION OF CLAIMS OBJECTION PROCEDURE</u>

Local Bankruptcy Rule 1001-1 provides that the Local Rules are to be construed in a manner that promotes the just, speedy, and economic determination of every case and proceeding. LBR1001-1(b)(1). The Court thus may waive the application of any Local Rule in any case or proceeding, or make additional orders as it deems appropriate, in the interest of justice. LBR 1001-1(d).

The Trustee's accountants have calculated the amount invested, the amount received and the amount of claim that each Investor should be allowed in accordance with the

law cited above.  In the Objections, the Trustee will provide a chart for each claim which sets forth the amount of the claim asserted by the Investor, the principal amount received, the amount paid to the Investor and the net amount due in accordance with the law cited above.

The Trustee anticipates objecting to approximately 400 claims filed by Investors. If each proof of claim is saved into its own computer file in Adobe Acrobat (PDF) format, the size of such file would range between 50kb to more than 1 megabyte.  The Court's Manual requires that each electronically filed document be 2 megabytes or less.

The Trustee anticipates each omnibus Objection will address 10 to 15 individual claims.  Therefore, it is very likely that each omnibus Objection would contain at least ten separate attachments.  The time and effort to save these Objections and electronically file them with the Court would constitute an undue expense to the Estate.  Moreover, the drain on the Court's Electronic Case Filing ("ECF") system would be substantial.

Local Bankruptcy Rule 3007-1(c)(2) provides that a copy of each proof of claim subject to an objection be attached to the motion seeking disallowance.  The procedures posted on the Court's website for Judge Donovan likewise require copies of the disputed claims to be attached to the objections.  The Trustee believes that attaching approximately 400 separate proofs of claim to the omnibus Objection would be a waste of Estate and judicial resources.  A copy of each proof of claim already is on file with the Court and the Trustee will attach a copy of any disputed claim to each claimant's service copy and any reply in the event that opposition is received.

The Trustee believes that there is good cause for the claims procedure to be modified as set forth above.  To strictly comply with the rule would be expensive, time consuming and waste the Court's and Estate's resources.  The Trustee does not anticipate any opposition to the claim objections given the clear law in the Ninth Circuit.

The purpose of the Local Rule is to make a copy of the claim easily accessible to the court when ruling on an objection.  The Trustee proposes to fulfill this objective by including a copy of a proof of claim in any Reply if an opposition to the objection is filed.

/ / /

8350v1/1015-002

## 6. CONCLUSION

Wherefore, Trustee respectfully requests that the Court modify the claims objection procedures as set forth herein.

Dated: October   , 2009         **MARSHACK HAYS LLP**

By:   /s/ D. Edward Hays
      D. EDWARD HAYS
      Special Claims Counsel for the Chapter 7 Trustee,
      Richard A. Marshack

## DECLARATION OF D. EDWARD HAYS

I, D. EDWARD HAYS, declare as follows:

1. I am a partner in the firm of Marshack Hays LLP which firm is Special Claims Counsel for the Chapter 7 Trustee of the above-entitled estate. If called upon as witness, I could and would competently testify to the following of my own personal knowledge, information and belief.

2. I make this Declaration in support of the Trustee's Amended Motion requesting an Order Modifying the Procedure for filing objections to claims (the "Amended Motion").

3. The Trustee's claims analysis in this case reveals that approximately 400 investors ("Investors") filed proofs of claim seeking an allowed claim for the amount of their investment plus the interest promised by the Debtor that had been operating a Ponzi scheme (the "Claims").

4. The Trustee believes that binding Ninth Circuit law holds that a claimant defrauded by a Ponzi scheme is entitled to a claim equal to the amount of their unpaid principal. Because a Ponzi scheme was an illegal enterprise, the promised profits are unenforceable.

5. Based on the foregoing, the Trustee is in the process of preparing objections to these approximate 400 claims.

6. Based on provisions of the Local Bankruptcy Rules, a Trustee is required to attach a copy of a disputed claim to the moving papers filed with the Court.

7. Based on rulings by this Court in this case, the Trustee does not believe that any of the 400 Investors will file opposition to the objections.

8. As such, the Trustee seeks an Order permitting him to file the objections without attaching copies of the disputed claims to the motion filed with the Court. However, a copy of each subject proof of claim will be provided to the claimant and the Trustee will summarize the amounts set forth on such claims in the motions.

8350v1/1015-002

9. If an Investor files opposition to the objections, the Trustee will attach a copy of such claim to his reply. As such, the intended purpose of the Local Rules to provide the Court a copy of a disputed claim in reviewing the pleadings filed in support of, and in opposition to, a claims objection will be satisfied.

10. The task of electronically filing copies of over 400 claims as attachments to the objection to claim will be unduly burdensome and time consuming to both the Trustee and the Court's ECF system.

11. Good cause thus exists to grant this Motion as it will conserve limited estate and judicial resources.

12. The Trustee previously requested this same relief in an emergency motion filed in August 2009. In response to the emergency motion, the Court contacted my office staff and advised that no hearing would be set by the Court. After learning of the denial, I asked my staff to call chambers back to determine the basis of the denial (i.e. on the merits or for lack of exigent circumstances). My assistant was only told that the emergency motion had been denied. Given the potential savings to the Estate if the requested relief is granted, this Amended Motion is filed on regular notice to determine if the previous denial was substantive or procedural. Additionally, in the previous motion, Trustee did not clearly state that a copy of each subject proof of claim would be provided to the claimant. With the exception of this change, the Trustee concedes that no new facts or other evidence exist to bring this motion seeking reconsideration if the previous denial was substantive.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 6th day of October 2009 at Irvine, California.

                                        /s/ D. Edward Hays
                                        D. EDWARD HAYS

8350v1/1015-002

|In re: **FOUR STAR FINANCIAL SERVICES, LLC,** Debtor(s). | CHAPTER 7<br>CASE NUMBER 2:03-bk-37579-TD |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5410 TRABUCO ROAD, SUITE 130
IRVINE, CA 92620

The foregoing document described as **CHAPTER 7 TRUSTEE'S AMENDED MOTION FOR AN ORDER MODIFYING CLAIM OBJECTION PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT THEREOF** was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**X** Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 6, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

| The Honorable Thomas B. Donovan - via U.S. Mail<br>U.S. Bankruptcy Court<br>255 E. Temple Street, Suite 1352<br>Los Angeles, CA 90012 | |
|---|---|

_ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

_ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 6, 2009 | Layla Bergini | /s/ Layla Bergini |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California. *January 2009* **F 9013-3.1**