1 | **WEILAND, GOLDEN,**
  | **SMILEY, WANG EKVALL & STROK, LLP**
2 | Jeffrey I. Golden, State Bar No. 133040
  | jgolden@wgllp.com
3 | Kyra E. Andrassy, State Bar No. 207959
  | kandrassy@wgllp.com
4 | 650 Town Center Drive, Suite 950
  | Costa Mesa, California 92626
5 | Telephone:    (714) 966-1000
  | Facsimile:    (714) 966-1002
6 |
  | Attorneys for Chapter 7 Trustee
7 | Richard A. Marshack

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 | In re                                          Case No. 2:03-bk-37579-TD

12 | FOUR STAR FINANCIAL SERVICES, LLC,    Chapter 7 Case

13 |

14 |                                                **THIRD INTERIM APPLICATION FOR**
   |                                                **ALLOWANCE AND PAYMENT OF**
15 |                                                **CHAPTER 7 FEES AND**
   |                                                **REIMBURSEMENT OF CHAPTER 7**
16 |                                                **EXPENSES OF TRUSTEE'S COUNSEL,**
   |                                                **WEILAND, GOLDEN, SMILEY, WANG**
17 |                                                **EKVALL & STROK, LLP; DECLARATION**
   |                                 Debtor.        **OF KYRA E. ANDRASSY IN SUPPORT**

18 |                                                **DATE:    December 2, 0200**
   |                                                **TIME:    11:00 a.m.**
19 |                                                **CTRM:    1345**

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

*(Left margin, vertical text)* Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP  650 Town Center Drive, Suite 950  Costa Mesa, California 92626  Tel 714-966-1000  Fax 714-966-1002

358341.1                                          FEE APPLICATION

# TABLE OF CONTENTS

Page

I.    BACKGROUND FACTS ...................................................................................... 1

    A.    The Debtor's Business and Ensuing Bankruptcy Filing.............................. 1

    B.    The Initial Asset Investigation .................................................................. 2

    C.    The Settlement with Anson ...................................................................... 3

    D.    Garrett's Bankruptcy Filing....................................................................... 4

    E.    The Stipulated Judgment with Cohn ......................................................... 5

    F.    Investor Litigation.................................................................................... 5

    G.    Case Status ............................................................................................. 5

II.   THE FIRM'S EMPLOYMENT .............................................................................. 6

III.  CURRENT CHAPTER 7 FEES AND EXPENSES REQUESTED ......................... 6

IV.   CURRENT CASE STATUS ................................................................................ 6

V.    SUMMARY OF PRIOR FEE APPLICATIONS AND AWARDS............................ 6

VI.   SUMMARY OF THE FIRM'S ACTIVITIES IN THE CASE AS
    COUNSEL TO THE CHAPTER 7 TRUSTEE DURING THE THIRD
    INTERIM PERIOD ............................................................................................ 7

VII.  NARRATIVE OF THE FIRM'S ACTIVITIES AS COUNSEL TO THE
    TRUSTEE DURING THE THIRD INTERIM PERIOD ......................................... 7

    A.    Asset Analysis and Recovery .................................................................. 7

    B.    Asset Disposition .................................................................................... 8

    C.    Claims Analysis and Objections................................................................ 8

    D.    Legal Case Administration ....................................................................... 9

    E.    Second Interim Fee Application ................................................................ 9

    F.    Third Interim Fee Application ................................................................... 9

VIII. ANALYSIS OF FEES AND COSTS.................................................................... 10

IX.   POINTS AND AUTHORITIES ADDRESSING STANDARD FOR
    REVIEWING FEE APPLICATION AND REIMBURSEMENT OF
    EXPENSES ..................................................................................................... 11

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

                                                                                    **Page**

1.    Time and Labor Required ................................................................. 12

2.    The Services Were Necessary or Beneficial ................................. 12

3.    Time Spent and Rate Charged Were Reasonable ........................ 12

    a.    Novelty and Difficulty of the Questions.............................. 12

    b.    Skill Required to Perform the Services Properly................. 12

    c.    The Quality of Representation............................................. 12

    d.    The Result Obtained .......................................................... 12

    e.    Customary Fees ................................................................. 12

    f.    Whether the Fee is Fixed or Contingent............................. 13

    g.    Experience, Reputation and Ability of Counsel .................. 13

4.    Professional Relationship with the Client ....................................... 14

X.    NO FEE SHARING ARRANGEMENT ....................................................... 14

XI.    CONCLUSION ......................................................................................... 14

DECLARATION OF KYRA E. ANDRASSY ...................................................... 16

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Burgess v. Klenske (In re Manoa Finance Co., Inc.),*
  853 F.2d 687 (9th Cir. 1988) ...................................................................12

## STATUTES

11 U.S.C. § 330...........................................................................1, 11, 12

11 U.S.C. § 331.................................................................................1

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    **TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES**

2    **BANKRUPTCY JUDGE:**

3       Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP (the "Firm"), counsel for

4    Richard A. Marshack, the chapter 7 trustee ("Trustee") of the estate (the "Estate") of Four

5    Star Financial Services, LLC (the "Debtor"), submits its third interim application for

6    allowance and payment of chapter 7 fees and reimbursement of chapter 7 expenses (the

7    "Application") for the period from November 21, 2008 through October 31, 2009, pursuant

8    to 11 U.S.C. §§ 330 and 331, and respectfully represents as follows:

9

10   I.    **BACKGROUND FACTS**

11       A.    **The Debtor's Business and Ensuing Bankruptcy Filing**

12       On October 24, 2003, an involuntary bankruptcy petition was filed against the

13   Debtor under chapter 11 of the Bankruptcy Code.  On November 26, 2004, and based on

14   the Debtor's consent, the Court entered an order for relief, and the Trustee was appointed

15   as the chapter 11 trustee.  At the time of its bankruptcy filing, the Debtor's managing

16   members were Ronald Anson ("Anson") and Jack Garrett ("Garrett").  Prior to his felony

17   conviction for telemarketing fraud, among other things, Mark Cohn ("Cohn") was the third

18   managing member.  Cohn resigned around the time that he was convicted.

19       Prior to the Debtor's bankruptcy filing, the Debtor purported to be in the business of

20   investing in various enterprises, including the factoring of receivables for companies

21   providing 900 number services, internet pornography, and telephone arbitrage contracts.

22       Immediately upon his appointment, the Trustee and his proposed counsel met with

23   Cohn (who, at that time, was awaiting sentencing and available to meet with the Trustee)

24   and went to the Debtor's office space, which the Debtor shared with Anson & Garrett

25   Accountancy Corporation.  The Trustee and his professionals also met with Anson and

26   Garrett and took their depositions under oath about their role in and knowledge of the

27   Debtor's business affairs.  The Trustee also retained a forensic computer consulting firm

28   to image all of the hard drives of the computers in the office in order to preserve that

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  information and prevent it from being lost.  In the initial stages of the case, the Trustee

2  and his counsel were focused on first determining whether there was any ongoing

3  business to rehabilitate and then on identifying assets and acting to preserve their value.

4  The Trustee's forensic accountants also began cataloging thousands of documents and

5  began the arduous task of tracing the funds coming into and out of the Debtor's bank

6  accounts.

7      **B.    The Initial Asset Investigation**

8      Based on the meetings with the Debtor's principals, the Trustee and his counsel

9  started identifying assets and obtaining information about them in order to determine

10  which assets were worth administering and which ones were not.  However, the

11  information obtained from Cohn, Anson, and Garrett was sometimes contradictory and not

12  always helpful, so the Trustee and his professionals were forced to turn to other sources.

13  Additional information was obtained from investors and their counsel, and from counsel for

14  a proposed class of investors who lost substantial sums of money by investing with the

15  Debtor.  In addition, the Trustee obtained a number of orders authorizing the production of

16  documents and attendance at depositions by a number of people who appeared to have

17  received substantial sums of money from the Debtor.  The Trustee's counsel and

18  accountants also spent a substantial amount of time reviewing the Debtor's books and

19  records in order to gather information about the Debtor's assets and liabilities.

20      The result of the initial information gathering by the Trustee and his professionals

21  was that they determined that there was no ongoing business to reorganize and,

22  therefore, there was no reason for the Debtor's case to remain pending under chapter 11

23  of the Bankruptcy Code.  Accordingly, the Trustee moved to convert the case to

24  chapter 11 and, by order entered on March 18, 2004, the Court converted the case to

25  chapter 7.  The Trustee was subsequently appointed as the chapter 7 trustee.

26      Based on the analysis of the Estate's forensic accountants, the Trustee has

27  determined that contrary to the Debtor's representations to its investors that it made

28  money through various investments, the Debtor was instead operating a Ponzi scheme

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 | and using money from new investors to pay old investors. Indeed, it appears from the

2 | books and records that the Trustee's forensic accountants were able to review that

3 | investors funneled in more than $218 million to the Debtor from January 1997 through

4 | October 2003 and that investor losses exceed $61 million. In addition, although the

5 | Debtor invested a portion of the money that it received from investors in tangible

6 | investments, these investments were high risk and proved to be, for the most part, very

7 | poor investments.

8 | As a result, the Trustee sued Anson and Garrett for breaches of their fiduciary

9 | duties of care and loyalty and for an accounting. The Trustee also sued Anson and

10 | Garrett in a separate action to avoid their recording of UCC-1 financing statements with

11 | the California Secretary of State in the year prepetition. The Trustee separately sued

12 | Cohn for fraud, breach of his fiduciary duty of care and loyalty, and for an accounting.

13 | **C.    The Settlement with Anson**

14 | After filing these adversary proceedings, the Trustee engaged in preliminary

15 | settlement discussions with Anson and Garrett. Eventually, Garrett filed a chapter 11

16 | bankruptcy petition in Florida that was then transferred to California as a case related to

17 | the Debtor's case and then converted to a chapter 7. The settlement discussions and

18 | meetings with Anson continued and, during these discussions, the litigation against him

19 | was stayed. Ultimately, the Trustee and Anson reached a settlement pursuant to which

20 | Anson transferred to the Debtor's bankruptcy Estate without any representation or

21 | warranties (1) his 30% interest (through his family trust) as a general partner in Red

22 | Mustang, a California limited partnership that held an indirect ownership interest in a multi-

23 | unit apartment complex in Northern California, and (2) all of his interests in and

24 | receivables owed to him by a hotel in Phoenix, both of which are discussed in greater

25 | detail below. In addition, Anson and his wife were required to make detailed disclosures

26 | of their assets to the Trustee, and in the event that the Trustee learned of any undisclosed

27 | assets, those assets were to be automatically transferred to the Trustee. The assets

28 | transferred to the Trustee pursuant to the settlement were encumbered by senior liens in

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    favor of Credit Suisse First Boston Mortgage Capital ("CSFBMC").  Therefore, the Trustee

2    and CSFBMC engaged in negotiations so that the Trustee could realize value from the

3    settlement with Anson, and these negotiations resulted in a settlement in which the

4    Trustee and CSFBMC worked together to realize substantial value from these assets.

5        **D.    Garrett's Bankruptcy Filing**

6        While settlement negotiations between the Trustee and Anson and Garrett were

7    pending, Garrett filed a chapter 11 bankruptcy petition in Florida, where he had allegedly

8    moved not long before filing his bankruptcy case.  Because the Trustee believed that

9    Garrett's case was related to the Debtor's case because of Garrett's role in the Debtor's

10   fraudulent operations and in its demise, the Trustee believed that it was critical that his

11   case be pending before this Court.  Accordingly, the Trustee filed a motion to transfer

12   venue of Garrett's case to this Court that was granted by this Court over Garrett's

13   opposition.  The Trustee then moved to convert Garrett's case to a chapter 7 given that a

14   reorganization of his financial affairs seemed impossible.  The Trustee filed a proof of

15   claim in an unliquidated amount in Garrett's case, and an adversary proceeding to avoid

16   Garrett's recording of two UCC-1 financing statements in the year prepetition and seeking

17   disallowance of a claim was filed.

18       The Trustee and the chapter 7 trustee in Garrett's bankruptcy case (the "Garrett

19   Trustee") have obtained Court approval of a settlement of the adversary proceeding

20   against Garrett's bankruptcy estate and of Four Star's claim in Garrett's case.  Under the

21   settlement, Garrett's liens were avoided and preserved for the benefit of the Debtor's

22   bankruptcy Estate and the Garrett Trustee agreed to waive the right to receive any

23   distribution on account of that claim.  With respect to the Debtor's claim, the claim was

24   allowed as a general unsecured claim in the amount of $1 million, but was deemed

25   subordinated  to all other general unsecured claims.  The adversary proceeding has now

26   been dismissed.

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    **E.    The Stipulated Judgment with Cohn**

2        Although the Trustee met with Cohn on several occasions prior to Cohn being

3    imprisoned, settlement discussions did not get underway until after the Trustee sued

4    Cohn, who was a lawyer, for fraud, breach of his fiduciary duties, malpractice, and for an

5    accounting.  Eventually, Cohn stipulated to a $70 million judgment on the causes of action

6    for breach of his fiduciary duty and for malpractice, and the Court entered this judgment in

7    February 2006.  The Trustee has recorded abstracts of judgment in a number of different

8    counties and taken other judgment enforcement steps, and is currently in the process of

9    determining what the next steps should be.

10    **F.    Investor Litigation**

11        Early on in this case, it was apparent that it had all of the hallmarks of a Ponzi

12    scheme.  In order to focus the investigation, the Trustee and his professionals worked

13    together to develop legal theories and possible avenues of attack in order to attempt to

14    equalize the effects of the Debtor's fraudulent scheme.  After reviewing thousands upon

15    thousands of pages of documents produced by banks and reviewing the Debtor's books

16    and records and its computer records, the Trustee's forensic accountants were able to

17    identify investors who received more than they had put into the Debtor and who received

18    "commissions" for referring other investors.  The Trustee then retained special litigation

19    counsel to pursue these cases on a contingency basis, realizing a significant benefit for

20    the Debtor's bankruptcy estate.

21    **G.    Case Status**

22        This case began as the proverbial "wild goose chase" because of the lack of

23    detailed information that the Trustee received in the early stages of the case and, when

24    information was given, the amount of it that later proved to be inaccurate.  Although the

25    Debtor invested a portion of the money that it received from investors in tangible

26    investments, these investments were high risk and proved to be, for the most part, very

27    poor investments.  The Trustee has liquidated a handful of these, but the sums that have

28    been generated have been fairly insubstantial when compared to the sums invested.  To

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  date, the best source of recovery for the Debtor's Estate has been from litigation against

2  investors who received back more than their principal investments and from the

3  settlement with Anson that generated approximately $4 million for the benefit of the

4  Estate.  The administration of the Estate is nearing completion.

5

6  **II.    THE FIRM'S EMPLOYMENT**

7       On January 29, 2004, the Court entered an order authorizing the Firm's

8  employment as chapter 11 counsel to the Trustee.  The conversion order entered

9  March 18, 2004 authorized the Trustee to employ the Firm as his chapter 7 counsel on the

10 same terms and conditions of the Firm's employment during the chapter 11 case, without

11 the requirement of a separate employment order.

12

13 **III.   CURRENT CHAPTER 7 FEES AND EXPENSES REQUESTED**

14      The Firm incurred fees of $13,813.50 for 38.70 hours of work from November 21,

15 2008 through October 31, 2009, and costs of $1,027.86.

16

17 **IV.    CURRENT CASE STATUS**

18      The Firm is informed that there is approximately $4,237,017.88 in the Estate.

19

20 **V.     SUMMARY OF PRIOR FEE APPLICATIONS AND AWARDS**

21      On May 3, 2007, a hearing was held on the Firm's first interim fee application. The

22 Court allowed and authorized to be paid to the Firm $675,780.00 in fees and $49,713.24

23 in expenses.  On December 18, 2008, a hearing was held on the Firm's second interim

24 fee application.  The Court allowed and authorized to be paid to the Firm $49,132.00 in

25 fees and $1,180.87 in expenses.

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

VI.    **SUMMARY OF THE FIRM'S ACTIVITIES IN THE CASE AS COUNSEL TO THE CHAPTER 7 TRUSTEE DURING THE THIRD INTERIM PERIOD**

Below is a chart which summarizes all time and corresponding fees incurred by the Firm during the third interim chapter 7 period.  Each category is described in further detail below.

| Category | Hours | Fees | Blended Rate |
|---|---|---|---|
| Asset Analysis and Recovery | 1.60 | $633.00 | $395.63 |
| Asset Disposition | 1.40 | $559.50 | $399.64 |
| Claims Analysis/Objections | 17.00 | $6,830.50 | $401.79 |
| Legal Case Administration | 7.30 | $2,956.50 | $405.00 |
| Second Interim Fee Application | 10.80 | $2,717.00 | $251.57 |
| Third Interim Fee Application | .60 | $117.00 | $195.00 |
| Total: | 38.70 | $13,813.50 | $356.94 |

VII.    **NARRATIVE OF THE FIRM'S ACTIVITIES AS COUNSEL TO THE TRUSTEE DURING THE THIRD INTERIM PERIOD**

A.    **Asset Analysis and Recovery**

**[Third Period: 1.60 hours, $633.00, blended rate $395.63]**

One of the miscellaneous assets of the Estate was the Debtor's equity interest in ePALS Classroom Exchange, Inc.  The stock was not listed on the Debtor's schedules but the Trustee became aware of its existence when his counsel was contacted by ePALS's counsel subsequent to its merger with I-EP Acquisition Corp. and its acquisition by In2Books.  Because the Trustee was unable to locate the original stock certificates, in order to liquidate the stock, the Trustee was required to sign an indemnity agreement. Accordingly, the Firm prepared and filed a motion for authorization for him to do so; the motion was unopposed.  During the third interim period, the Firm incurred time preparing the declaration regarding nonopposition to that motion and the order approving it and then corresponding with ePALS's counsel regarding the logistics of the liquidation.  The Firm

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  also incurred a brief amount of time in this category assisting Greenbaum & Ferentz,

2  special counsel for the Trustee, with its litigation against Dean Antonis.

3  **B.    Asset Disposition**

4  **[Third Period: 1.40 hours, $559.50, blended rate $399.64]**

5  Another miscellaneous asset of the Estate was its shares of stock in a company

6  known as Xtreme Motorsports, which had previously been known as Cyberads.  The Firm

7  analyzed whether this stock had any value and, after determining that it did not, prepared

8  and filed a Notice of Intent to abandon it that was unopposed.

9  **C.    Claims Analysis and Objections**

10  **[Third Period: 17 hours, $6,830.50, blended rate $401.79]**

11  During the third period, the Firm incurred time in this category with respect to two

12  different issues.  First, in reviewing the claims register and the settlement that had been

13  approved with the Garrett Trustee regarding the claims that Garrett and the Debtor filed in

14  against their respective bankruptcy estates, the Firm realized that one claim Garrett had

15  filed in the Debtor's case had been unintentionally omitted from the settlement.

16  Accordingly, the Firm prepared stipulations in both cases to amend the settlement to

17  include this claim, and the stipulations were approved.

18  The next issue that the Firm handled pertained to claims filed by the Pritikin family.

19  The Pritikins had been investors in the Debtor and, early on in the case, Robert and Ken

20  Pritikin worked with the Trustee and his counsel to share their knowledge of the Debtor's

21  business affairs and, during that process, made the Trustee aware of the nature and

22  extent of their losses, which incentivized them to work with the Trustee in the first place.

23  However, the Pritikins filed their proof of claims late, mistakenly assuming that because

24  they were investors in the Debtor, the claims bar date did not apply to them.  Because the

25  Trustee was aware of their claims, he agreed to stipulate to allowance of the late-filed

26  proof of claims as timely-filed proof of claims on the basis that the earlier communications

27  had constituted informal proof of claims.  The Firm prepared the stipulation and the motion

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  for approval of it, which was unopposed.  The Firm prepared the declaration regarding

2  nonopposition, and the Court approved the stipulation.

3  **D.    Legal Case Administration**

4  **[Third Period: 7.30 hours, $2,956.50, blended rate $405.00]**

5  The Firm incurred time in this category corresponding with the Trustee regarding

6  the case.  Most of the time incurred in this category during the third interim period was

7  incurred in connection with litigation being pursued by investors in the Debtor against

8  Comerica Bank and certain of its employees and affiliates.  Because Foley McIntosh Frey

9  & Claytor and Kenneth Pritikin had represented the Debtor prepetition and were being

10  retained by the investors to pursue claims against Comerica Bank, they requested that the

11  Trustee waive any potential conflict of interest.  In addition, because they intended to

12  retain Squar, Milner, Peterson, Miranda, & Williamson, LLP, to testify regarding the Ponzi

13  scheme, the Trustee needed to waive any potential conflict of estate because they had

14  also represented the Estate.  The Firm prepared the motion for authorization to waive

15  these potential conflicts of interest and obtained approval of it.

16  **E.    Second Interim Fee Application**

17  **[Third Period: 10.80 hours, $2,717.00, blended rate $251.57]**

18  During the third period, the Firm spent 10.80 hours in connection with the Firm's

19  second interim fee application, including coordinating with employed professionals

20  regarding the fee hearing, preparing the global notice of fee hearing, reviewing and

21  revising the Firm's invoices in accordance with United States Trustee guidelines,

22  preparing the second interim fee application, reviewing the Court's tentative ruling, and

23  preparing the global fee order.

24  **F.    Third Interim Fee Application**

25  **[Third Period: .60 hours, $117.00, blended rate $195.00]**

26  Through October 20, 2009, the Firm spent less than one hour reviewing the notice

27  to retained professionals and in the preliminary preparation of this Application.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## VIII.    ANALYSIS OF FEES AND COSTS

From November 21, 2008 through October 31, 2009, the Firm has expended 38.70 hours representing the Trustee in this proceeding, as more particularly described in Exhibit "1" attached to the Declaration of Kyra E. Andrassy.  Exhibit "1" is a computerized invoice prepared by the Firm based on time records maintained by each professional performing services on behalf of the Trustee.  These records are maintained in the ordinary course of the Firm's business.

Set forth below are the Firm's hourly rates for the individuals rendering services on behalf of the Trustee, the amount of time each individual spent in representation of the Trustee, and a total fee.

| Attorney | Hours | Hourly Rate | Period | Total |
|---|---|---|---|---|
| Kyra E. Andrassy | 25.70<br>5.00 | $405.00<br>$380.00 | 2009<br>2008 | $10,408.50<br>$1,900.00 |
| Cynthia B. Meeker | .60<br>7.10<br>.10 | $195.00<br>$190.00<br>$0.00 | 2009<br>2008 | $117.00<br>$1,349.00<br>N/C |
| Janet Hogan | .20 | $195.00 | 2009 | $39.00 |
| **TOTAL HOURS:** | **38.70** | | **TOTAL FEES:** | **$13,813.50** |

The 38.70 hours resulted in total fees of $13,813.50, creating a blended hourly rate of $356.94.  The rates charged by the Firm are standard for the Firm on legal matters, without considering the size and degree of responsibility, difficulty, complexity or results achieved.  The rates at which the Firm charges its non-bankruptcy clients for similar services are the same.

In addition to the Firm's fees, from November 21, 2008 through October 20, 2009, the Firm has advanced out-of-pocket expenses totaling $1,141.26 as detailed in Exhibit "1" attached to the Andrassy Declaration.  The Firm reduces this request to $1,027.86 as discussed in the Andrassy Declaration.  The Firm's reduced costs are itemized as follows:

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

| Photocopies ($.20/page) | $453.60 |
| Courier | $179.34 |
| Postage | $98.02 |
| On-line research | $84.16 |
| Federal Express | $138.49 |
| Scanned documents | $74.25 |
| **Total:** | **$1,027.86** |

IX.    **POINTS AND AUTHORITIES ADDRESSING STANDARD FOR REVIEWING**

**FEE APPLICATION AND REIMBURSEMENT OF EXPENSES**

11 U.S.C. § 330 provides, in part, as follows:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103–

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses. (3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title,

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee."

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988).

2 Factors ordinarily accounted for in either the hourly rate or the number of hours expended

3 include: (1) the novelty and complexity of issues, (2) the special skill and experience of

4 counsel, (3) the quality of representation, and (4) the results obtained. *Id.*

5          In this case, the factors set forth in § 330 are met.

6               **1.      Time and Labor Required**

7          From November 21, 2008 through October 31, 2009, the Firm expended a total of

8 38.70 hours in this case.  The above description of the history of this proceeding and the

9 Firm's representation of the Trustee amply justify this expenditure of time.

10              **2.      The Services Were Necessary or Beneficial**

11          As set forth above, the Firm's services were necessary and beneficial and resolved

12 several outstanding issues that needed to be resolved to facilitate the closing of this case.

13              **3.      Time Spent and Rate Charged Were Reasonable**

14                    a.      Novelty and Difficulty of the Questions

15          The issues involved in the case required the expertise and skills of the Firm.

16                    b.      Skill Required to Perform the Services Properly

17          The preceding remarks illustrate the necessity of the Firm's exceptional bankruptcy

18 knowledge and skills in fulfilling its obligations to the Trustee.

19                    c.      The Quality of Representation

20          The narrative statement concerning the Firm's services reflects that the Firm

21 provided the highest quality of services to the estate and the Trustee.

22                    d.      The Result Obtained

23          As set forth in detail in the narrative statement, the Firm obtained excellent results

24 for the Estate.

25                    e.      Customary Fees

26          The rates charged by the Firm are normal charges for work performed on legal

27 matters, without considering size and degree of responsibility, difficulty, complexity, or

28 results achieved.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

f. <u>Whether the Fee is Fixed or Contingent</u>

As in all bankruptcy proceedings, the Firm's fees in connection with its representation of the Trustee are subject to the discretion of the Court in determining the value of the services rendered to the estate, and are subject to the availability of the funds of the estate and are, accordingly, in effect contingent.

g. <u>Experience, Reputation and Ability of Counsel</u>

The Firm's attorneys have extensive knowledge in insolvency, reorganization and bankruptcy law. The professionals of the Firm rendering services on behalf of the Trustee have considerable experience and resources available which have greatly assisted them in rendering the services which the Firm has been able to perform in this highly specialized field. Counsel with lesser experience or available resources might have required additional time in order to render such services.

**KYRA ELIZABETH ANDRASSY** received her undergraduate degree in political science from the University of California at San Diego in 1995, and her law degree from Loyola Law School in Los Angeles in 1998. She was an editor of the *Loyola Law Review* and the recipient of the American Jurisprudence Book Award in Legal Writing. She served a judicial externship to the Honorable Barry Russell, United States Bankruptcy Judge for the Central District of California, in Spring 1998 and from September 1998 until September 2000, Ms. Andrassy served a judicial clerkship to the Honorable John E. Ryan, United States Bankruptcy Judge for the Central District of California and a member of the Ninth Circuit Bankruptcy Appellate Panel. Ms. Andrassy was the President of the Orange County Bankruptcy Forum in 2008-09 and served on its Board of Directors from 2005-2009. She was recognized as a Southern California Rising Star in 2005, 2006, 2007, and 2008 by *Los Angeles Magazine*. She served as the Program Chair of the Orange County Bar Association, Commercial Law and Bankruptcy Section in 2003, and as the Section Chair in 2004. She served as a member of the Advisory Board for the Federal Bar Association's Bankruptcy Ethics Symposium in 2004 and 2005, and was the Program Chair for the 2006 Bankruptcy Ethics Symposium.

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    **JANET HOGAN** received her Bachelor of Arts degree in business administration

2  from California State University at Fullerton in 1984.  She received her certificate of legal

3  assistantship from the University of California at Irvine in 1997.  Ms. Hogan is a member

4  of the Orange County Paralegal Association and the Orange County Bankruptcy Forum.

5    **CYNTHIA B. MEEKER** received her undergraduate degree from California State

6  University at Fullerton in 1982, and obtained a certificate of legal assistantship from

7  the University of California at Irvine in 1988.

8    **4.    Professional Relationship with the Client**

9    The Firm represents Richard A. Marshack in his capacity as bankruptcy trustee in

10  other matters unrelated to this case, and Mr. Marshack's law firm occasionally represents

11  Jeffrey Golden, a partner in the Firm, in cases in which Mr. Golden is a chapter 7 trustee.

12

13  **X.    NO FEE SHARING ARRANGEMENT**

14    The Firm has no fee sharing arrangement, understanding, or compensation sharing

15  arrangement with any other entity, and no part of the attorneys' fees or expenses awarded

16  to the Firm will be paid to any other entity.

17

18  **XI.    CONCLUSION**

19    **WHEREFORE**, the Firm respectfully requests that this Court enter its order:

20    1.    Allowing **$13,813.50** in interim chapter 7 fees and **$1,027.86** in interim

21  chapter 7 expenses for the period from November 21, 2008 through October 20, 2009;

22    2.    Authorizing the Trustee to pay the approved fees and expenses from funds

23  on hand of the Estate; and

24  ///

25  ///

26  ///

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

3.    For such further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

Dated: November _12_, 2009

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: _____
KYRA E. ANDRASSY
Attorneys for Chapter 7 Trustee,
Richard A. Marshack

# DECLARATION OF KYRA E. ANDRASSY

I, Kyra E. Andrassy, declare as follows:

1.      I am senior counsel in the law firm of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP (the "Firm"), attorneys of record for Richard A. Marshack, the chapter 7 trustee (the "Trustee") in this case.  The following is within my personal knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.

2.      In the ordinary course of its business, the Firm keeps a record of all time expended by its professionals and para-professionals in the rendering of professional services on a computerized billing system as follows: At or near the time the professional services are rendered, attorneys and other professionals of the Firm keep a written record of the time expended, including a description of the nature of the services performed.  At the end of each working day, the "time sheets" of these professionals are transcribed into the Firm's computer which keeps a record of all time spent, the professional providing the services and a description of the services rendered.  The time expended by each professional is multiplied by the respective professional's billing rate.  The Firm conducts its business in reliance on the accuracy of such business records.

3.      I have reviewed the Firm's bills for services rendered in connection with its representation of the Trustee in this case, a copy of which is attached hereto as Exhibit "1."

4.      It is the Firm's usual practice to allocate work and assignments in an efficient manner to achieve an effective result.  As demonstrated in the Application, the practice has been followed in this case.

5.      At any time a reimbursable charge is incurred on behalf of a client, such as photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written record of the file number for which the charges were expended and a brief description of the nature of the expense.  These records are also transcribed into the computer, which,

1  together with the records of time spent providing professional services, are transcribed
2  onto monthly bills.

3      6.      With respect to costs for the reproduction of documents, the photocopy
4  operator must manually enter in the system the coded "file" number and "matter" number
5  assigned to that particular case and the number of photocopies made.  The Firm's
6  photocopy charge for all clients is $.25 per page, but for the purposes of this fee
7  application, photocopy charges have been reduced to $.20 per page.

8      7.      Telecopied or "Fax" transmissions are recorded in an identical way.
9  Outgoing Fax pages are normally billed by the Firm at $1.00 per page.  In addition, as is
10  standard in the profession, most law firms charge for incoming Fax transmissions.  This
11  Firm does not charge for incoming Fax transmissions.  Scanned documents are also billed
12  by the Firm at $.25 per page.  Attached hereto as Exhibit "1" is a true and correct copy of
13  the expense portion of the Firm's billing statement.  The Firm's expenses of $1,141.26 are
14  reduced to $1,027.86 to reflect the reduction in photocopy charges.

15      8.      The Firm has no fee sharing arrangement, understanding, or compensation
16  sharing arrangement with any other entity, and no part of the attorneys' fees or expenses
17  awarded to the Firm will be paid to any other entity.

18      9.      I have reviewed the requirements of Local Bankruptcy Rule 2016 ("Rule
19  2016").  The Application complies with Rule 2016.

20      I declare under penalty of perjury that the foregoing is true and correct.
21      Executed on this _12th_ day of November, 2009, at Costa Mesa, California.

22

23

24                                             Kyra E. Andrassy

25

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**WEILAND, GOLDEN,**
**SMILEY, WANG EKVALL & STROK, LLP**
**650 TOWN CENTER DRIVE - SUITE 950**
**COSTA MESA, CALIFORNIA 92626**
**714-966-1000 (TEL)  714-966-1002 (FAX)**
**WEBSITE: WWW.WGLLP.COM**
**TAX ID. 33-0670296**

NOVEMBER 1, 2009

RICHARD MARSHACK, TRUSTEE                              OUR FILE: MAR01.0123
26632 TOWN CENTER DRIVE
SUITE 300
FOOTHILL RANCH, CA 92610-2808

STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009

RE:   FOUR STAR FINANCIAL SERVICES
       INVOICE # 15289
       RESPONSIBLE ATTY: JEFFREY GOLDEN

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| | | CLAIMS ADMINISTRATION/OBJECTIONS | | | |
| 11/21/08 | KEA | TELEPHONE CONFERENCE W/ PHIL GASTEIER RE STIPULATION RE GARRETT CLAIM AND E-MAIL TO KATHERINE GOUGH RE HIS INQUIRY RE INVESTOR LIST | 0.10 | 380 | 38.00 |
| 11/21/08 | KEA | TELEPHONE CONFERENCE W/ KATHERINE RE INVESTOR CLAIMS (NOTEHOLDERS VERSUS MEMBERS) | 0.10 | 380 | 38.00 |
| 12/16/08 | KEA | REVIEW AND ANALYSIS OF E-MAILS RE LATE-FILED PRITIKIN CLAIMS | 0.10 | 380 | 38.00 |
| 12/16/08 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE PRITIKIN CLAIMS | 0.10 | 380 | 38.00 |
| 12/29/08 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE LATEFILED PRITIKIN CLAIMS | 0.10 | 380 | 38.00 |
| 01/06/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE STATUS OF CLAIM REVIEW RE LATE-FILED CLAIMS | 0.10 | 405 | 40.50 |
| 01/09/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE STATUS OF REVIEW OF LATE-FILED CLAIMS | 0.10 | 405 | 40.50 |
| 01/12/09 | KEA | CORRESPONDENCE TO KATHERINE GOUGH RE STATUS OF ANALYSIS OF INVESTOR CLAIMS | 0.10 | 405 | 40.50 |

EXHIBIT \ PAGE 18

PAGE 2
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 01/21/09 | KEA | LEGAL RESEARCH RE INFORMAL PROOF OF CLAIM REQUIREMENTS RE PRITIKIN CLAIMS | 0.30 | 405 | 121.50 |
| 01/21/09 | KEA | REVIEW AND ANALYSIS OF US DOJ PRIORITY UNSECURED CLAIM AND § 507 TO DETERMINE WHETHER ANY BASIS FOR PRIORITY | 0.20 | 405 | 81.00 |
| 01/21/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE CLAIM OBJECTIONS | 0.10 | 405 | 40.50 |
| 01/22/09 | KEA | LEGAL RESEARCH RE INFORMAL PROOF OF CLAIM AND LATE-FILED CLAIMS IN CHAPTER 7 CASES | 0.40 | 405 | 162.00 |
| 01/22/09 | KEA | CORRESPONDENCE TO KEN PRITIKIN RE LATE CLAIMS AND WHAT HE NEEDS TO SHOW TO HAVE THEM DEEMED TIMELY FILED | 0.60 | 405 | 243.00 |
| 01/22/09 | KEA | TELEPHONE CONFERENCE W/ KEN PRITIKIN RE CLAIM ISSUE | 0.20 | 405 | 81.00 |
| 01/23/09 | KEA | EXCHANGE OF VARIOUS CORRESPONDENCE RE PRITIKIN CLAIMS | 0.20 | 405 | 81.00 |
| 01/23/09 | KEA | CORRESPONDENCE TO JOEL SAMUELS RE PRITIKIN CLAIMS | 0.20 | 405 | 81.00 |
| 01/23/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE FROM KEN PRITIKIN AND CORRESPONDENCE TO TRUSTEE RE RECOMMENDATION RE SAME | 0.10 | 405 | 40.50 |
| 01/23/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE PRITIKIN RESOLUTION RE PRITIKIN CLAIM | 0.10 | 405 | 40.50 |
| 01/29/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE RE LOST STOCK CERTIFICATES AND CORRESPONDENCE TO TRUSTEE RE RECOMMENDATION RE SAME | 0.20 | 405 | 81.00 |
| 02/03/09 | KEA | REVIEW AND ANALYSIS OF EMAIL FROM PHIL GASTEIER RE INVESTOR INFORMATION AND CORRESPONDENCE TO KATHERINE GOUGH RE SAME | 0.10 | 405 | 40.50 |
| 02/03/09 | KEA | TELEPHONE CONFERENCE W/ KATHERINE RE SPREADSHEET RE INVESTOR CLAIMS AND ETA FOR SAME | 0.10 | 405 | 40.50 |
| 02/04/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE CLAIM OBJECTIONS AND OBJECTIONS TO SECURED AND PRIORITY CLAIMS | 0.20 | 405 | 81.00 |

EXHIBIT 1 PAGE 19

PAGE 3
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 02/10/09 | KEA | MEETING WITH TRUSTEE RE CLAIMS STRATEGY AND PROCEDURE AND BASIS FOR OBJECTION TO CERTAIN CLAIMS | 1.00 | 405 | 405.00 |
| 02/10/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE CONFLICT WAIVER MOTION AND PROOF OF CLAIMS STIPULATION | 0.10 | 405 | 40.50 |
| 02/10/09 | KEA | TELEPHONE CONFERENCE W/ KATHERINE RE CLAIMS SPREADSHEET RE INVESTOR LOSSES | 0.20 | 405 | 81.00 |
| 02/11/09 | KEA | REVIEW STRATEGY RE CLAIM OBJECTIONS AND CORRESPONDENCE TO TRUSTEE RE METHODOLOGY FOR PREPARING CLAIMS SPREADSHEET | 0.20 | 405 | 81.00 |
| 02/12/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE ITEMS HE NEEDS FROM SQUAR MILNER | 0.10 | 405 | 40.50 |
| 02/12/09 | KEA | REVIEW AND ANALYSIS OF PRITIKIN DECLARATION RE INFORMAL CLAIMS | 0.10 | 405 | 40.50 |
| 02/13/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE STATUS OF STIPULATION RE CLAIMS RE PRITIKINS | 0.10 | 405 | 40.50 |
| 02/17/09 | JH | REVIEW CLAIMS ABSTRACT AND PREPARE CORRESPONDENCE RE SAME | 0.20 | 195 | 39.00 |
| 02/19/09 | KEA | CORRESPONDENCE TO KATHERINE GOUGH RE STATUS OF CHART RE INVESTOR CLAIMS | 0.10 | 405 | 40.50 |
| 02/23/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE FROM KATHERINE RE CLAIMS ANALYSIS INFORMATION | 0.10 | 405 | 40.50 |
| 02/23/09 | KEA | REVIEW AND ANALYSIS OF INVESTOR SPREADSHEETS | 0.30 | 405 | 121.50 |
| 02/26/09 | KEA | TELEPHONE CONFERENCE W/ KEN PRITIKIN RE COMERICA ISSUE | 0.20 | 405 | 81.00 |
| 03/11/09 | KEA | TELEPHONE CONFERENCE W/ PHIL GASTEIER RE INVESTOR INFORMATION AND SETTING UP CALL RE SAME | 0.10 | 405 | 40.50 |
| 03/12/09 | KEA | TELEPHONE CONFERENCE W/ KATHERINE RE INVESTOR SPREADSHEETS | 0.10 | 405 | 40.50 |
| 03/12/09 | KEA | CORRESPONDENCE TO PHIL GASTEIER RE INFO NEEDED FOR INVESTOR ANALYSIS | 0.10 | 405 | 40.50 |

EXHIBIT 1 PAGE 20

PAGE 4
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 03/13/09 | KEA | REVIEW AND ANALYSIS OF E-MAIL FROM PHIL GASTEIER RE CLARIFICATION RE INFO NEEDED | 0.10 | 405 | 40.50 |
| 03/30/09 | KEA | BEGAN PREPARATION OF PRITIKIN CLAIM STIPULATION | 0.30 | 405 | 121.50 |
| 03/31/09 | KEA | PREPARATION OF PRITIKIN CLAIM STIPULATION | 0.70 | 405 | 283.50 |
| 04/08/09 | KEA | PREPARATION OF STIPULATION AMENDING GARRETT SETTLEMENT AGREEMENT TO INCLUDE TWO ADDITIONAL CLAIMS | 0.90 | 405 | 364.50 |
| 04/08/09 | KEA | CORRESPONDENCE TO PHIL GASTEIER RE GARRETT CLAIM STIPULATION | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | REVIEW AND REVISE PRITIKIN CLAIM STIPULATION | 1.10 | 405 | 445.50 |
| 04/13/09 | KEA | CORRESPONDENCE TO KENNETH PRITIKIN RE DOCUMENTATION FOR CLAIMS | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE PRITIKIN CLAIM STIPULATION | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE FROM PHIL GASTEIER RE GARRETT CLAIM STIPULATION | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | REVIEW AND REVISE GARRETT CLAIM STIPULATION TO INCORPORATE PHIL GASTEIER'S COMMENTS | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | CORRESPONDENCE TO PHIL GASTEIER RE REVISED STIPULATION | 0.10 | 405 | 40.50 |
| 04/14/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH PHIL GASTEIER RE STIPULATION AMENDING 9019 ORDER RE GARRETT | 0.10 | 405 | 40.50 |
| 04/30/09 | KEA | PREPARATION OF STIPULATION FOR GARRETT CASE RE GARRETT SETTLEMENT AGREEMENT AMENDMENT | 0.20 | 405 | 81.00 |
| 04/30/09 | KEA | CORRESPONDENCE TO PHIL GASTEIER RE STIPULATION FOR GARRETT CASE | 0.10 | 405 | 40.50 |
| 05/01/09 | KEA | PREPARATION OF ORDER APPROVING STIPULATION AMENDING GARRETT SETTLEMENT AGREEMENT | 0.30 | 405 | 121.50 |
| 05/01/09 | KEA | PREPARATION OF SERVICE AND FILING INSTRUCTIONS RE STIPULATION RE GARRETT SETTLEMENT | 0.10 | 405 | 40.50 |
| 05/01/09 | KEA | PREPARATION OF ORDER RE GARRETT STIPULATION FOR GARRETT CASE | 0.20 | 405 | 81.00 |

EXHIBIT 1 PAGE 21

PAGE 5
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 05/01/09 | KEA | CORRESPONDENCE TO PHIL GASTEIER RE ORDER IN GARRETT CASE FOR HIS REVIEW AND APPROVAL | 0.10 | 405 | 40.50 |
| 05/27/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE PRITIKIN CLAIMS | 0.10 | 405 | 40.50 |
| 05/27/09 | KEA | REVIEW AND ANALYSIS OF EMAILS FROM KEN AND ROBERT PRITIKIN RE CLAIMS | 0.20 | 405 | 81.00 |
| 06/03/09 | KEA | CORRESPONDENCE TO PAM KRAUS RE CASES RE CLAIMS FOR INTEREST IN PONZI SCHEME CASES | 0.20 | 405 | 81.00 |
| 06/30/09 | KEA | CORRESPONDENCE TO KENNETH PRITIKIN RE STIPULATION RE CLAIMS | 0.10 | 405 | 40.50 |
| 06/30/09 | KEA | REVIEW AND REVISE PRITIKIN CLAIM STIPULATION | 0.40 | 405 | 162.00 |
| 07/02/09 | KEA | CORRESPONDENCE TO KEN PRITIKIN RE DRAFT STIPULATION FOR HIS REVIEW | 0.10 | 405 | 40.50 |
| 07/14/09 | KEA | CORRESPONDENCE TO RICHARD RE STIPULATION RE PRITIKIN CLAIMS | 0.10 | 405 | 40.50 |
| 07/16/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE PRITIKIN STIPULATION | 0.10 | 405 | 40.50 |
| 07/28/09 | KEA | REVIEW AND REVISE PRITIKIN STIPULATION TO INCORPORATE KEN PRITIKIN'S CHANGES | 0.10 | 405 | 40.50 |
| 07/28/09 | KEA | CORRESPONDENCE TO KEN PRITIKIN RE STIPULATION FOR HIS SIGNATURE | 0.10 | 405 | 40.50 |
| 07/29/09 | KEA | PREPARATION OF MOTION FOR APPROVAL OF PRITIKIN STIPULATION | 2.30 | 405 | 931.50 |
| 07/29/09 | KEA | VARIOUS CORRESPONDENCE WITH ERIC AGUILERA RE EVIDENCE IN SUPPORT OF PRITIKIN CLAIM MOTION | 0.10 | 405 | 40.50 |
| 07/30/09 | KEA | PREPARATION OF DECLARATIONS IN SUPPORT OF MOTION RE PRITIKIN CLAIMS | 0.50 | 405 | 202.50 |
| 07/30/09 | KEA | CORRESPONDENCE TO TRUSTEE AND ERIC AGUILERA RE PRITIKIN MOTION FOR THEIR SIGNATURES | 0.10 | 405 | 40.50 |
| 08/06/09 | KEA | PREPARATION OF NOTICE OF PRITIKIN MOTION | 0.30 | 405 | 121.50 |
| 08/06/09 | KEA | REVIEW AND EXECUTE PRITIKIN CLAIM MOTION AND NOTICE OF SAME | 0.10 | 405 | 40.50 |
| 08/06/09 | KEA | PREPARATION OF SERVICE INSTRUCTIONS FOR PRITIKIN MOTION, NOTICE, AND STIPULATION | 0.10 | 405 | 40.50 |

EXHIBIT 1    PAGE 22

PAGE 6
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 08/28/09 | KEA | PREPARATION OF ORDER RE PRITIKIN STIPULATION | 0.10 | 405 | 40.50 |
| 08/28/09 | KEA | PREPARATION OF DECLARATION RE NONOPPOSITION TO PRITIKIN MOTION AND EXHIBITS TO SAME | 0.30 | 405 | 121.50 |
| | | TOTAL CLAIMS ADMINISTRATION/OBJECTIONS | 17.00 | | 6,830.50 |

FEE APPLICATIONS

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 11/21/08 | CBM | E-MAIL TO AND FROM P. KRAUS RE FUNDS | 0.10 | 190 | 19.00 |
| 11/21/08 | CBM | PREPARATION OF SECOND INTERIM CHAPTER 7 FEE APPLICATION | 1.60 | 190 | 304.00 |
| 11/21/08 | CBM | E-MAIL TO AND FROM K. GOUGH RE SQUAR MILNER'S AMOUNTS FOR NOTICE | 0.10 | 190 | 19.00 |
| 11/21/08 | CBM | PREPARATION OF NOTICE OF FEE HEARING | 0.50 | 190 | 95.00 |
| 11/21/08 | CBM | PREPARATION OF TRUSTEE'S COMMENTS PAGE | 0.30 | 190 | 57.00 |
| 11/24/08 | KEA | PREPARATION OF NARRATIVES FOR SECOND INTERIM FEE APPLICATION | 3.30 | 380 | 1,254.00 |
| 11/24/08 | KEA | REVIEW AND EXECUTE DECLARATION RE FEE APPLICATION, SECOND FEE APPLICATION, AND NOTICE OF HEARINGS RE SAME | 0.10 | 380 | 38.00 |
| 11/24/08 | CBM | PREPARATION OF SECOND INTERIM CHAPTER 7 FEE APPLICATION | 1.80 | 190 | 342.00 |
| 11/24/08 | CBM | PREPARATION OF NOTICE OF FEE HEARING | 0.50 | 190 | 95.00 |
| 11/24/08 | CBM | PREPARATION OF SECOND INTERIM CHAPTER 7 FEE APPLICATION | 1.40 | 190 | 266.00 |
| 11/24/08 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 0.40 | 190 | 76.00 |
| 11/24/08 | CBM | PREPARATION OF MEMO TO T. ZIEMANN RE FEE APPLICATION (NO CHARGE) | 0.10 | | 0.00 |
| 11/25/08 | CBM | PREPARATION OF FILING OF FEE SUMMARIES | 0.20 | 190 | 38.00 |
| 12/17/08 | KEA | REVIEW AND ANALYSIS OF TENTATIVE RULING RE FEE APPS AND EXCHANGE OF CORRESPONDENCE WITH TRUSTEE RE SAME | 0.10 | 380 | 38.00 |
| 12/18/08 | KEA | REVIEW FEE ORDER BEFORE SAME IS ELECTRONICALLY LODGED WITH THE COURT | 0.10 | 380 | 38.00 |

EXHIBIT _1_ PAGE 23

PAGE 7
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 12/29/08 | CBM | REVIEW ENTERED FEE ORDER | 0.10 | 190 | 19.00 |
| 12/29/08 | CBM | E-MAIL FEE ORDER TO PAM KRAUS AND K. GOUGH | 0.10 | 190 | 19.00 |
| 10/20/09 | CBM | REVIEW NOTICE OF PROFESSIONALS OF INTERIM FEE HEARING | 0.10 | 195 | 19.50 |
| 10/20/09 | CBM | PREPARATION OF INTERIM FEE APPLICATION | 0.50 | 195 | 97.50 |
| | | TOTAL FEE APPLICATIONS | 11.40 | | 2,834.00 |

ASSET DISPOSITION

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 11/24/08 | KEA | REVIEW AND ANALYSIS OF LETTER FROM DONALD ZAKARIN TO DISTRICT COURT JUDGE RE DISMISSAL OF COMMONWEALTH LITIGATION | 0.10 | 380 | 38.00 |
| 11/24/08 | KEA | CORRESPONDENCE TO ERIC AGUILERA CONFIRMING HE CAN NOW STIPULATE TO DISMISS CONDOR LITIGATION SINCE ABANDONMENT ORDER HAS BEEN ENTERED | 0.10 | 380 | 38.00 |
| 12/05/08 | KEA | REVIEW AND ANALYSIS OF LETTER FROM DONALD ZAKARIN TO DISTRICT COURT RE DISMISSAL OF COMMONWEALTH LITIGATION | 0.10 | 380 | 38.00 |
| 01/20/09 | KEA | REVIEW AND ANALYSIS OF ORDER FROM DISTRICT COURT IN NEW YORK RE FIFE CLAIMS THAT WERE ABANDONED AND DISMISSAL OF LITIGATION | 0.10 | 405 | 40.50 |
| 02/13/09 | KEA | PREPARATION OF NOTICE OF INTENT TO ABANDON CYBERADS STOCK AND CORRESPONDENCE TO TRUSTEE RE SAME | 0.90 | 405 | 364.50 |
| 02/13/09 | KEA | REVIEW AND EXECUTE NOTICE OF INTENT TO ABANDON CYBERADS STOCK AND PREPARE SERVICE AND FILING INSTRUCTIONS FOR SAME | 0.10 | 405 | 40.50 |
| | | TOTAL ASSET DISPOSITION | 1.40 | | 559.50 |

ASSET ANALYSIS AND RECOVERY

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 12/02/08 | KEA | PREPARATION OF DECLARATION RE NONOPPOSITION RE EPALS MOTION AND EXHIBITS TO SAME | 0.30 | 380 | 114.00 |

EXHIBIT 1 PAGE 24

PAGE 8
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 12/02/08 | KEA | PREPARATION OF EPALS ORDER | 0.20 | 380 | 76.00 |
| 12/18/08 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE STATUS OF REMAINING ASSETS | 0.10 | 380 | 38.00 |
| 01/06/09 | KEA | PREPARATION OF DOCUMENTS RELATED TO EPALS STOCK TO SEND TO TRUSTEE FOR SIGNATURE IN LIGHT OF ENTERED ORDER | 0.20 | 405 | 81.00 |
| 01/06/09 | KEA | CORRESPONDENCE TO TRUSTEE RE FORMS FOR HIS SIGNATURE RE EPALS STOCK LIQUIDATION | 0.10 | 405 | 40.50 |
| 01/08/09 | KEA | CORRESPONDENCE TO ERIC GROSSMAN WITH EXECUTED COPIES OF DOCUMENTS FOR EPALS STOCK LIQUIDATION | 0.10 | 405 | 40.50 |
| 01/28/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH TRACY HILL RE UPDATEE STATUS RE CYBERADS/RHINO OUTDOOR EQUIPMENT | 0.10 | 405 | 40.50 |
| 02/10/09 | KEA | CORRESPONDENCE TO ERIC GROSSMAN RE STATUS OF LIQUIDATION OF EPALS STOCK | 0.10 | 405 | 40.50 |
| 02/12/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE FROM ERIC GROSSMAN RE STATUS OF LIQUIDATION OF EPALS STOCK | 0.10 | 405 | 40.50 |
| 02/19/09 | KEA | REVIEW AND ANALYSIS OF EPALS CHECK | 0.10 | 405 | 40.50 |
| 03/02/09 | KEA | TELEPHONE CONFERENCE W/ RICHARD RE COMERICA STANDING ISSUE | 0.10 | 405 | 40.50 |
| 03/10/09 | KEA | TELEPHONE CONFERENCE W/ PENELOPE AT GREENBAUM'S LAW OFFICE RE SIGNED GATEWAY SETTLEMENT AGREEMENT | 0.10 | 405 | 40.50 |
| | | TOTAL ASSET ANALYSIS AND RECOVERY | 1.60 | | 633.00 |

CASE ADMINISTRATION

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 01/12/09 | KEA | CORRESPONDENCE TO PAM KRAUS RE RESPONSES TO UST'S CONCERNS | 0.20 | 405 | 81.00 |
| 01/15/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE FROM KEN PRITIKIN RE WAIVER OF ATTY/CLIENT PRIVILEGE RE FOLEY MCINTOSH LAWSUIT AGAINST COMERICA | 0.10 | 405 | 40.50 |

EXHIBIT 1  PAGE 25

PAGE 9
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 01/21/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE REQUEST FOR WAIVER OF CONFLICT RE FOLEY MCINTOSH AND STRATEGIZE RE NEED FOR COURT APPROVAL OF SAME | 0.20 | 405 | 81.00 |
| 01/21/09 | KEA | CORRESPONDENCE TO KEN PRITIKIN RE CONFLICT WAIVER ISSUE AND MECHANISM FOR ADDRESSING SAME | 0.10 | 405 | 40.50 |
| 01/26/09 | KEA | REVIEW AND ANALYSIS OF PROPOSED CONFLICT WAIVER LETTER FROM KEN PRITIKIN AND CORRESPONDENCE TO TRUSTEE RE SAME | 0.20 | 405 | 81.00 |
| 01/27/09 | KEA | CORRESPONDENCE TO KEN PRITIKIN RE SPECIFIC INFORMATION NEEDED FOR MOTION RE CONFLICT WAIVER LETTER | 0.10 | 405 | 40.50 |
| 01/27/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE CLAIMS FILED BY STEVEN UNGAR | 0.10 | 405 | 40.50 |
| 02/04/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE RELATED TO WAIVER OF ATTY CLIENT AND ACCOUNTANT CLIENT PRIVILEGE | 0.10 | 405 | 40.50 |
| 02/09/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KATHERINE GOUGH RE CONFLICT WAIVER LETTER | 0.10 | 405 | 40.50 |
| 02/09/09 | KEA | PREPARATION OF MOTION RE CONFLICT WAIVER | 1.40 | 405 | 567.00 |
| 02/11/09 | KEA | REVIEW AND REVISE CONFLICT WAIVER MOTION | 0.50 | 405 | 202.50 |
| 02/12/09 | KEA | PREPARATION OF DECLARATIONS RE CONFLICT WAIVER MOTION | 0.80 | 405 | 324.00 |
| 02/12/09 | KEA | LEGAL RESEARCH RE APPLICABILITY OF § 363(B) TO CONFLICT WAIVERS | 0.20 | 405 | 81.00 |
| 02/12/09 | KEA | CORRESPONDENCE TO KENNETH PRITIKIN WITH CONFLICT WAIVER MOTION | 0.10 | 405 | 40.50 |
| 02/12/09 | KEA | REVIEW AND REVISE CONFLICT WAIVER MOTION RE KEN PRITIKIN'S CHANGES AND CORRESPONDENCE TO KEN, TRUSTEE, AND KATHERINE GOUGH RE FINAL MOTION | 0.20 | 405 | 81.00 |
| 02/13/09 | KEA | PREPARATION OF NOTICE OF FILING OF CONFLICT WAIVER MOTION | 0.20 | 405 | 81.00 |

EXHIBIT 1  PAGE 26

PAGE 10
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 02/13/09 | KEA | REVIEW AND EXECUTE NOTICE AND PREPARE SERVICE AND FILING INSTRUCTIONS FOR MOTION AND NOTICE | 0.10 | 405 | 40.50 |
| 02/13/09 | KEA | TELEPHONE CONFERENCE W/ TRUSTEE RE COMERICA LITIGATION | 0.10 | 405 | 40.50 |
| 02/18/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH KEN PRITIKIN RE CONFLICT WAIVER MOTION | 0.10 | 405 | 40.50 |
| 03/16/09 | KEA | PREPARATION OF DECLARATION RE NONOPPOSITION RE CONFLICT WAIVER MOTION | 0.30 | 405 | 121.50 |
| 03/16/09 | KEA | PREPARATION OF CONFLICT WAIVER ORDER | 0.20 | 405 | 81.00 |
| 03/16/09 | KEA | PREPARATION OF SERVICE AND FILING INSTRUCTIONS FOR CONFLICT WAIVER ORDER | 0.10 | 405 | 40.50 |
| 04/10/09 | KEA | REVIEW AND ANALYSIS OF CORRESPONDENCE FROM PAM KRAUS RE UST REPORTS | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | CORRESPONDENCE TO PAM KRAUS WITH INFORMATION REQUIRED FOR UST REPORT RE CASE | 0.10 | 405 | 40.50 |
| 04/13/09 | KEA | FURTHER EXCHANGE OF CORRESPONDENCE RE CLAIMS FOR UST REPORT | 0.10 | 405 | 40.50 |
| 05/20/09 | KEA | PREPARATION OF SERVICE AND FILING INSTRUCTIONS FOR GARRETT STIPULATION AND ORDER AMENDING SETTLEMENT | 0.10 | 405 | 40.50 |
| 05/26/09 | KEA | CORRESPONDENCE TO PETER CSATO RE FRANZEL APPLICATION AND ORDER FOR HIS PREPARATION OF ROBERTS 9019 MOTION | 0.10 | 405 | 40.50 |
| 06/01/09 | KEA | REVIEW AND REVISE ROBERTS 9019 MOTION | 0.30 | 405 | 121.50 |
| 06/01/09 | KEA | REVIEW AND ANALYSIS OF CALCULATIONS OF FEES RE ROBERTS 9019 MOTION BASED ON ENTERED ORDER APPROVING CREDIT SUISSE/FRANDZEL APPLICATION | 0.40 | 405 | 162.00 |

EXHIBIT 1 PAGE 27

PAGE 11
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 06/01/09 | KEA | FURTHER EXCHANGE OF CORRESPONDENCE WITH BERNARD GIVENS RE CALCULATION O FRANDZEL'S FEES AND CREDIT SUISSE'S SHARE | 0.10 | 405 | 40.50 |
| 06/02/09 | KEA | FURTHER EXCHANGE OF CORRESPONDENCE WITH BERNARD GIVENS AND PETER CSATO RE CALCULATION OF THEIR FEES | 0.20 | 405 | 81.00 |
| 07/07/09 | KEA | TELEPHONE CONFERENCE W/ PAM KRAUS RE QUESTIONS RE ROBERTS CHECKS | 0.10 | 405 | 40.50 |
| 10/01/09 | KEA | EXCHANGE OF CORRESPONDENCE WITH CREDITOR ERICK BAER RE CASE STATUS | 0.10 | 405 | 40.50 |
| 10/07/09 | KEA | TELEPHONE CONFERENCE W/ KEN PRITIKIN RE TRANSCRIPTS OF 341A MEETINGS THAT HE NEEDS FOR COMERICA LITIGATION | 0.10 | 405 | 40.50 |

|  |  | TOTAL CASE ADMINISTRATION | 7.30 |  | 2,956.50 |

SUMMARY OF SERVICES

| | | | | |
|------|------|------|------|------|
| JH | JANET HOGAN | 0.20 hr @ 195.00 | $ | 39.00 |
| KEA | KYRA R. ANDRASSY | 5.00 hr @ 380.00 | $ | 1900.00 |
| KEA | KYRA R. ANDRASSY | 25.70 hr @ 405.00 | $ | 10408.50 |
| CBM | CYNTHIA B. MEEKER | 7.10 hr @ 190.00 | $ | 1349.00 |
| CBM | CYNTHIA B. MEEKER | 0.10 hr @ 0.00 | | N/C |
| CBM | CYNTHIA B. MEEKER | 0.60 hr @ 195.00 | $ | 117.00 |

|  | TOTAL PROFESSIONAL FEES | 38.70 | $ 13,813.50 |

COSTS AND DISBURSEMENTS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 10/08/08 | PACER DOCKET SEARCH | 2.96 |
| 10/16/08 | PACER DOCKET SEARCH | 9.76 |
| 10/21/08 | PACER DOCKET SEARCH | 0.88 |
| 11/03/08 | PHOTOCOPIES OF NOTICE TO PROFESSIONALS | 9.50 |
| 11/03/08 | SCANNED DOCUMENTS OF NOTICE TO PROFESSIONALS | 1.00 |
| 11/03/08 | SCANNED DOCUMENTS OF NOTICE TO PROFESSIONALS | 0.50 |
| 11/03/08 | PACER DOCKET SEARCH | 43.04 |
| 11/04/08 | JANNEY & JANNEY MESSENGER CHARGES FOR FILING NOTICE/MOTION RE LOST STOCK CERTIFICATE OF EPALS | 5.65 |

EXHIBIT 1  PAGE 28

PAGE 12
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/04/08 | JANNEY & JANNEY MESSENGER CHARGES FOR FILING NOTICE TO RETAINED PROFESSIONALS WITH THE USBC-LOS ANGELES | 4.65 |
| 11/06/08 | PHOTOCOPIES OF DECLARATION RE NON OPPOSITION ORDER | 181.00 |
| 11/06/08 | JANNEY & JANNEY MESSENGER CHARGES FOR FILING DECLARAITON REGARDING NON-OPPOSITION/ORDER GRANTING ABANDONING OF LITIGATION | 4.65 |
| 11/24/08 | PHOTOCOPIES OF FEE NOTICE | 50.00 |
| 11/24/08 | SCANNED DOCUMENTS OF FEE NOTICE | 3.00 |
| 11/24/08 | PHOTOCOPIES OF FEE APPLICATION | 63.25 |
| 11/24/08 | SCANNED DOCUMENTS OF FEE APPLICATION | 7.25 |
| 11/24/08 | SCANNED DOCUMENTS OF FEE APPLICATION | 8.75 |
| 11/24/08 | SCANNED DOCUMENTS OF FEE APPLICATION | 8.25 |
| 11/24/08 | PACER DOCKET SEARCH | 12.40 |
| 11/25/08 | PHOTOCOPIES OF FEE APPLICATION | 24.25 |
| 11/25/08 | JANNEY & JANNEY MESSENGER CHARGES FOR FILNG FEE APPLICATION; NOTICE OF HEARING WITH THE USBC-LOS ANGELES | 4.65 |
| 12/01/08 | JANNEY & JANNEY MESSENGER FOR FILING TRUSTEE'S DECLARATION; FEE SUMMARIES WITH THE USBC-LOS ANGELES | 4.22 |
| 12/02/08 | PACER DOCKET SEARCH | 0.24 |
| 12/03/08 | JANNEY & JANNEY MESSENGER FOR FILING DECLARATION RE NON-OPPOSITION/ORDER | 4.22 |
| 12/18/08 | JANNEY & JANNEY MESSENGER FOR LODGE FEE ORDER WITH THE USBC-LOS ANGELES | 120.00 |
| 02/11/09 | FEDERAL EXPRESS CHARGES FOR DELIVERY OF CLAIMS TO PAM KRAUS | 72.43 |
| 02/11/09 | FEDERAL EXPRESS CHARGES FOR DELIVERY OF CLAIMS TO PAM KRAUS | 66.06 |
| 02/17/09 | POSTAGE NOTICE OF MOTION AND MOTION TO WAIVE CONFLICTS WITH FOLEY, NOTICE TO ABANDON SHARES OF STOCK OF XTREME MOTORSPORTS INTERNATIONAL INC | 38.52 |
| 02/17/09 | PHOTOCOPIES OF MOTION TO WAIVE CONFLICTS | 87.25 |
| 02/17/09 | SCANNED DOCUMENTS OF MOTION TO WAIVE CONFLICTS | 3.50 |
| 02/17/09 | SCANNED DOCUMENTS OF MOTION TO WAIVE CONFLICTS | 3.00 |
| 02/17/09 | SCANNED DOCUMENTS OF MOTION TO WAIVE CONFLICTS | 4.75 |
| 02/17/09 | PHOTOCOPIES OF MOTION | 84.75 |
| 02/17/09 | SCANNED DOCUMENTS OF MOTION | 4.75 |
| 02/17/09 | SCANNED DOCUMENTS OF MOTION | 3.00 |
| 02/17/09 | SCANNED DOCUMENTS OF MOTION | 3.50 |
| 02/18/09 | JANNEY & JANNEY MESSENGER CHARGES FOR FILING NOTICE/MOTION TO WAIVE/NOTICE TO ABANDON | 3.80 |
| 03/18/09 | JANNEY & JANNEY MESSENGER CHARGES FOR FILING | 5.80 |
| 04/13/09 | PACER DOCKET SEARCH | 2.88 |
| 05/01/09 | PACER DOCKET SEARCH | 0.72 |
| 05/06/09 | PACER DOCKET SEARCH | 0.72 |



EXHIBIT \ PAGE 29

PAGE 13
NOVEMBER 1, 2009
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 2, 2009
OUR FILE: MAR01.0123

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/20/09 | JANNEY & JANNEY MESSENGER CHARGES FOR DELIVERY OF COURTESY COPIES OF STIPULATION AND ORDER APPROVING STIPULATION AMENDING SETTLEMENT AGREEMENT | 3.80 |
| 05/20/09 | PACER DOCKET SEARCH | 0.40 |
| 05/22/09 | JANNEY & JANNEY MESSENGER CHARGES FOR DELIVERY OF STIPULATION AMENDING SETTLEMENT AGREEMENT AND ORDER TO JUDGE'S CHAMBERS | 3.80 |
| 05/26/09 | PACER DOCKET SEARCH | 5.68 |
| 06/01/09 | POSTAGE: "ENTERED" ORDER APPROVING STIPULATION AMENDING SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT (FOUR STAR) [DOCKET NO. 377] | 1.44 |
| 06/01/09 | JANNEY & JANNEY MESSENGER CHARGES FOR PROOF OF SERVICE OF ENTERED ORDER APPROVING SETTLEMENT | 3.30 |
| 06/01/09 | PACER DOCKET SEARCH | 2.08 |
| 07/29/09 | PACER DOCKET SEARCH | 2.40 |
| 08/06/09 | POSTAGE STIPULATION / MOTION / NOTICE FOR APPROVAL ALLOWING CLAIMS OF PRITIKINS AS TIMELY-FILED | 52.67 |
| 08/07/09 | JANNEY & JANNEY MESSENGER CHARGES FOR DELIVERY OF STIPULATION ALLOWING PRITIKIN CLAIMS, MOTION FOR APPROVAL OF STIPULATION ALLOWING PRITIKIN CLAIMS AND NOTICE OF MOTION RE SAME AND COPIES TO JUDGE'S CHAMBERS | 5.40 |
| 08/28/09 | POSTAGE - MAILING OF DECLARATION RE NON-OPPOSITION TO TO MOTION FOR APPROVAL OF PRITIKIN STIPULATION | 4.95 |
| 08/28/09 | PHOTOCOPIES OF DECLARATION RE NON OPPOSITION | 67.00 |
| 08/28/09 | SCANNED DOCUMENTS OF DECLARATION RE NON OPPOSITION | 23.00 |
| 08/31/09 | JANNEY & JANNEY MESSENGER CHARGES FOR RUSH DELIVERY OF DECLARATION RE NON-OPPOSITION RE MOTION TO APPROVE PRITIKIN STIPULATION UPLOADED ORDER TO CHAMBERS | 5.40 |
| 09/17/09 | POSTAGE PROOF OF SERVICE OF "ENTERED" ORDER GRANTING MOTION FOR APPROVAL OF STIP ALLOWING CLAIMS | 0.44 |

TOTAL COSTS AND DISBURSEMENTS                    $ 1,141.26

REDUCED TO                                       $ 1,027.86

| Staff Member | Billable Hr Total | Billable Amount |
|---|---|---|
| CBM  CYNTHIA B. MEEKER | 7.80 | 1466.00 |
| JH   JANET HOGAN | 0.20 | 39.00 |
| KEA  KYRA R. ANDRASSY | 30.70 | 12308.50 |
| GRAND TOTAL | 38.70 | 13813.50 |

Column 1 is the total number of billable hours worked during this period
Column 2 is the billable value of hours worked during this period (i.e., the original dollar
    value less writedowns)

EXHIBIT  1  PAGE  31

| Staff Member/Month | Billable Hr Total | Billable Amount |
|---|---|---|
| **CBM  CYNTHIA B. MEEKER** | | |
| November 2008 | 7.00 | 1311.00 |
| December 2008 | 0.20 | 38.00 |
| October 2009 | 0.60 | 117.00 |
| | ----------- | ------------- |
| TOTAL FOR CBM | 7.80 | 1466.00 |
| | | |
| **JH   JANET HOGAN** | | |
| February 2009 | 0.20 | 39.00 |
| | ----------- | ------------- |
| TOTAL FOR JH | 0.20 | 39.00 |
| | | |
| **KEA  KYRA R. ANDRASSY** | | |
| November 2008 | 3.80 | 1444.00 |
| December 2008 | 1.20 | 456.00 |
| January 2009 | 4.50 | 1822.50 |
| February 2009 | 8.10 | 3280.50 |
| March 2009 | 2.20 | 891.00 |
| April 2009 | 3.30 | 1336.50 |
| May 2009 | 1.20 | 486.00 |
| June 2009 | 1.70 | 688.50 |
| July 2009 | 3.60 | 1458.00 |
| August 2009 | 0.90 | 364.50 |
| October 2009 | 0.20 | 81.00 |
| | ----------- | ------------- |
| TOTAL FOR KEA | 30.70 | 12308.50 |
| | | |
| GRAND TOTAL | 38.70 | 13813.50 |
| | ====== | ======= |

Column 1 is the total number of billable hours worked during this period
Column 2 is the billable value of hours worked during this period (i.e., the original dollar
value less writedowns)

EXHIBIT \ PAGE 32

| Task Code/Month | Billable Hr Total | Billable Amount |
|---|---|---|
| **FEE APPLICATIONS** | | |
| November 2008 | 7.00 | 1311.00 |
| December 2008 | 0.20 | 38.00 |
| October 2009 | 0.60 | 117.00 |
| | ----------- | ------------- |
| TOTAL FOR 13 | 7.80 | 1466.00 |
| | | |
| GRAND TOTAL | 7.80 | 1466.00 |
| | ======= | ========= |

Column 1 is the total number of billable hours worked during this period
Column 2 is the billable value of hours worked during this period (i.e., the original dollar
    value less writedowns)

EXHIBIT 1 PAGE 33

| Task Code/Month | Billable Hr Total | Billable Amount |
|---|---|---|
| **CLAIMS ADMINISTRATION/OBJECTIONS** | | |
| February 2009 | 0.20 | 39.00 |
| | ----------- | ------------- |
| TOTAL FOR 05 | 0.20 | 39.00 |
| GRAND TOTAL | 0.20 | 39.00 |
| | ======= | ======= |

Column 1 is the total number of billable hours worked during this period
Column 2 is the billable value of hours worked during this period (i.e., the original dollar
   value less writedowns)

| Task Code/Month | Billable Hr Total | Billable Amount |
|---|---|---|
| **ASSET ANALYSIS AND RECOVERY** | | |
| December 2008 | 0.60 | 228.00 |
| January 2009 | 0.50 | 202.50 |
| February 2009 | 0.30 | 121.50 |
| March 2009 | 0.20 | 81.00 |
| TOTAL FOR 01 | 1.60 | 633.00 |
| **ASSET DISPOSITION** | | |
| November 2008 | 0.20 | 76.00 |
| December 2008 | 0.10 | 38.00 |
| January 2009 | 0.10 | 40.50 |
| February 2009 | 1.00 | 405.00 |
| TOTAL FOR 02 | 1.40 | 559.50 |
| **CASE ADMINISTRATION** | | |
| January 2009 | 1.00 | 405.00 |
| February 2009 | 3.90 | 1579.50 |
| March 2009 | 0.60 | 243.00 |
| April 2009 | 0.30 | 121.50 |
| May 2009 | 0.20 | 81.00 |
| June 2009 | 1.00 | 405.00 |
| July 2009 | 0.10 | 40.50 |
| October 2009 | 0.20 | 81.00 |
| TOTAL FOR 04 | 7.30 | 2956.50 |
| **CLAIMS ADMINISTRATION/OBJECTIONS** | | |
| November 2008 | 0.20 | 76.00 |
| December 2008 | 0.30 | 114.00 |
| January 2009 | 2.90 | 1174.50 |
| February 2009 | 2.90 | 1174.50 |
| March 2009 | 1.40 | 567.00 |
| April 2009 | 3.00 | 1215.00 |
| May 2009 | 1.00 | 405.00 |
| June 2009 | 0.70 | 283.50 |
| July 2009 | 3.50 | 1417.50 |
| August 2009 | 0.90 | 364.50 |
| TOTAL FOR 05 | 16.80 | 6791.50 |
| **FEE APPLICATIONS** | | |
| November 2008 | 3.40 | 1292.00 |

EXHIBIT \ PAGE 35

| Task Code/Month | Billable Hr Total | Billable Amount |
|---|---|---|
| December 2008 | 0.20 | 76.00 |
| TOTAL FOR 13 | 3.60 | 1368.00 |
| GRAND TOTAL | 30.70 | 12308.50 |

Column 1 is the total number of billable hours worked during this period
Column 2 is the billable value of hours worked during this period (i.e., the original dollar
         value less writedowns)

EXHIBIT \ PAGE 3𝑙

| Month | Copy | Postage | Courier | FedEx | Online research | Scanning | Total |
|-------|------|---------|---------|-------|-----------------|----------|-------|
| 10/08 | | | | | 13.60 | | $ 13.60 |
| 11/08 | 262.40 | | 19.60 | | 55.44 | 28.75 | $ 366.19 |
| 12/08 | | | 128.44 | | .24 | | $ 128.68 |
| 02/09 | 137.60 | 38.52 | 3.80 | 138.49 | | 22.50 | $ 340.91 |
| 03/09 | | | 5.80 | | | | $ 5.80 |
| 04/09 | | | | | 2.88 | | $ 2.88 |
| 05/09 | | | 7.60 | | 7.52 | | $ 15.12 |
| 06/09 | | 1.44 | 3.30 | | 2.08 | | $ 6.82 |
| 07/09 | | | | | 2.40 | | $ 2.40 |
| 08/09 | 53.60 | 57.62 | 10.80 | | | 23.00 | $ 145.02 |
| 09/09 | | .44 | | | | | $ .44 |
| Total | 453.60 | 98.02 | 179.34 | 138.49 | 84.16 | 74.25 | $1,027.86 |

EXHIBIT __1__ PAGE __37__

| In re: | CHAPTER: 7 |
|---|---|
| **FOUR STAR FINANCIAL SERVICES, LLC** | |
| Debtor(s). | CASE NUMBER: **2:03-37579** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document described **THIRD APPLICATION FOR ALLOWANCE AND PAYMENT OF CHAPTER 7 FEES AND REIMBURSEMENT OF CHAPTER 7 EXPENSES OF TRUSTEE'S COUNSEL, WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP; DECLARATION OF KYRA E. ANDRASSY IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **November 12, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **November 12, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☑ Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 12, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Thomas Donovan
255 East Temple Street
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 12, 2009 | Kelly M. Rivera | /s/ Kelly M. Rivera |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1

**In re Four Star Financial Services
Case No. LA 03-37579**

## SERVICE LIST

**Office of The U.S. Trustee**
Ernst & Young Plaza
725 South Figueroa St., 26th Floor
Los Angeles, CA 90017

Four Star Financial Services
11755 Wilshire Blvd Ste 1350
Los Angeles, CA 90025
**Debtor**

Arthur Greenberg, Esq.
Greenberg & Bass
16000 Ventura Blvd., Suite 1000
Encino, CA 91436
**Debtor's Counsel**

Richard A. Marshack
Marshack Hays LLP
5410 Trabuco Road, Suite 130
Irvine, CA 92620-5749
**Attorneys for Chapter 7 Trustee**

## Electronic Mail Notice List

A Eric Aguilera    eaguilera@bfka-law.com
Kyra E Andrassy    kandrassy@wgllp.com
Martin R Barash    mbarash@ktbslaw.com
James C Bastian    jbastian@shbllp.com
Stephen F Biegenzahn    efile@sfblaw.com
Mark Bradshaw    mbradshaw@shbllp.com
Lynda T Bui    lbui@shbllp.com
Melissa Davis    mdavis@shbllp.com
Jerold Fagelbaum    office@fhllplaw.com
Philip A Gasteier    pgasteier@rdwlawcorp.com
Jeffrey I Golden    jgolden@wgllp.com
D Edward Hays    ehays@marshackhays.com
Matthew Heyn    mheyn@ktbslaw.com
Manijha Kadir    mkadir@shbllp.com
Richard A Marshack    pkraus@shbllp.com, rmarshack@ecf.epiqsystems.com
Richard A Marshack    pkraus@marshackhays.com, rmarshack@ecf.epiqsystems.com
Irena L Norton    inorton@shbllp.com
Sean A Okeefe    sokeefe@okeefelc.com
Joel G Samuels    jsamuels@sidley.com
Michael A Scherago    mscherago@landslawyers.com
Leonard M Shulman    lshulman@shbllp.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
David Weinstein    dweinstein@richardsonpatel.com
Sharon Z Weiss    sweiss@richardsonpatel.com
Miles A Woodlief    mawoodlief@earthlink.net