1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com

2 | **MARSHACK HAYS LLP**
5410 Trabuco Road, Suite 130

3 | Irvine, CA 92620
Telephone:  (949) 333-7777

4 | Facsimile:  (949) 333-7778

5 | Special Claims Counsel for Chapter 7 Trustee,
RICHARD A. MARSHACK

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10

11 | In re:

12 | FOUR STAR FINANCIAL SERVICES, LLC,

13

14 | Debtor.

15

16

17

18

19

20

21

22

23

24

25

Case No.  2:03-bk-37579-TD

Chapter  7

CHAPTER 7 TRUSTEE'S  NOTICE OF MOTION AND FIRST OMNIBUS MOTION FOR ORDER DISALLOWING MISSING CLAIMS RE:

| Claim No. | Claimaint |
|-----------|-----------|
| 2 | Federal Express Corporation |
| 7 | Thomson West |
| 9 | Douglas H. Napier |
| 20 | Douglas M. Wright |

MEMORANDUM OF POINTS AND AUTHORITIES;  DECLARATION OF RICHARD A. MARSHACK IN SUPPORT

Date:   February 3, 2010
Time:  10:00 a.m.
Ctrm:  1345
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012

26

27 | TO THE CREDITORS WHOSE CLAIMS ARE OBJECTED TO HEREIN AND ALL OTHER

28 | INTERESTED PARTIES:

1    PLEASE TAKE NOTICE that the Chapter 7 Trustee, Richard A. Marshack

2 ("Trustee"), of the bankruptcy estate ("Estate") of the Debtor, Four Star Financial Services, LLC

3 ("Debtor"), files this Motion for Order Disallowing Claims (the "Motion").  The basis of the

4 objection is that the subject claims are missing from the Court's file and the claimants have

5 failed to respond to a request for a duplicate copy.

6    The Motion is based upon this Notice of the Motion, the Motion and

7 Memorandum of Points and Authorities in Support thereof, the Declaration of Richard A.

8 Marshack, the pleadings and files in the Debtor's bankruptcy case, and upon such further oral

9 and documentary evidence as may be presented to the Court in support of the Objection Motion.

10    PLEASE TAKE FURTHER NOTICE that any response or opposition to the

11 Motion must be in writing, comply with the requirements of Local Bankruptcy Rule 9013-1(f)

12 and be filed with the Clerk of the above-entitled Court no later than fourteen (14) days prior to

13 the hearing date set forth above.  A complete copy of any opposition must also be served on

14 Marshack Hays LLP to the attention of D. Edward Hays at the address indicated above.  A copy

15 of any response must also be served on the Office of the United States Trustee, 725 S. Figueroa,

16 Suite 2600, Los Angeles, California 90017.  Failure to timely respond may be deemed as

17 acceptance of the proposed objections and the Court may grant the relief requested in the

18 Motion.  SEE, LOCAL BANKRUPTCY RULES 3007-1(b) and 9013-1(h).

19
20 Dated:  December 4, 2009        **MARSHACK HAYS LLP**

21                   By:____/S/ D. Edward Hays_____
22                      D. EDWARD HAYS
                        Special Claims Counsel for the Chapter 7 Trustee,
23                      Richard A. Marshack

24

25

26

27

28

10676v1/1015-002

OBJECTION MOTION

In support of this Motion, the Trustee respectfully represents as follows:

1.    <u>BACKGROUND</u>

On October 24, 2003, an involuntary petition under Chapter 11 of Title 11 of the United States Code was filed against Four Star Financial Services, LLC ("Debtor").  On November 26, 2003, an Order for Relief was entered. On the same date, the Court entered an Order directing appointment of a Chapter 11 Trustee.  Richard A. Marshack was appointed the Chapter 11 Trustee.

On March 17, 2004, an Order was entered converting this case to a case under Chapter 7.  On March 23, 2004, the conversion became effective.  After the conversion, Richard A. Marshack continued to serve as the Chapter 7 Trustee of the Debtor's estate (the "Trustee").

2.    <u>LEGAL ARGUMENT</u>

In this case, several proofs of claim are missing from the claim files kept by the Bankruptcy Court ("Missing Claims"). Pursuant to Local Bankruptcy Rule 3007-1(c)(3) and (c)(3)(A), if the complete proof of claim is not readily available from the court file, the objector may formally request a copy from the holder of the claim by serving the creditor with a notice that advises the holder of the claim that failure to supply a complete copy of the proof of claim within 30 days of the notice may constitute grounds for objection to the claim.

3.    <u>MISSING CLAIMS</u>

On April 20, 2009, Trustee mailed letters to the holders of the Missing Claims, by certified return receipt, requesting a copy be provided.

The Trustee has not received copies of the Missing Claims from the following claimants:

10676v1/1015-002

| Claim No. | Claimant | Amount of Claim |
|---|---|---|
| 2 | Federal Express Corporation | $253.23 |
| 7 | Thomson West | $8,225.85 |
| 9 | Douglas H. Napier | $4,528,795.00 |
| 20 | Douglas M. Wright | $507,411.00 |

4.    OBJECTIONS

    A.    <u>Claim Number 2 – Federal Express Corporation, $253.23, Exhibit "2"</u>

    On November 23, 2003, Federal Express Corporation ("FEC") filed a Proof of Claim in the amount of $253.23 (the "FEC Claim"), which was docketed in this case as Claim No. 2.  The FEC Claim is missing from the Court's Claim File.

    On April 20, 2009, Trustee mailed, via certified return receipt, a letter to FEC requesting a copy of the FEC Claim be provided (the "FEC Letter and Mail Receipt").  A true and correct copy of the FEC Letter and Mail Receipt is attached as Exhibit "2" to the Declaration of Richard A. Marshack ("Marshack Declaration").

    The Trustee objects to the FEC Claim on the grounds that FEC has not provided a copy of the FEC Claim as required by Local Bankruptcy Rule 3007-1(c)(3)(A).

    Based on the foregoing, the Trustee respectfully requests that the FEC Claim be disallowed in its entirety.

    B.    <u>Claim Number 7 – Thomson West, $8,225.85, Exhibit "7"</u>

    On December 29, 2003, Thomson West ("Thomson") filed a Proof of Claim in the amount of $8,225.85 (the "Thomson Claim"), which was docketed in this case as Claim No. 7.  The Thomson Claim is missing from the Court's Claim File.

    On April 20, 2009, Trustee mailed, via certified return receipt, a letter to Thomson requesting a copy of the Thomson Claim be provided (the "Thomson Letter and Mail Receipt").  A true and correct copy of the Thomson Letter and Mail Receipt is attached as Exhibit "7" to the Marshack Declaration.

10676v1/1015-002

1    The Trustee objects to the Thomson Claim on the grounds that Thomson has not

2  provided a copy of the Thomson Claim as required by Local Bankruptcy Rule 3007-1(c)(3)(A).

3    Based on the foregoing, the Trustee respectfully requests that the Thomson Claim

4  be disallowed in its entirety.

5    C.    Claim Number 9 – Douglas H. Napier, $4,528,795.00, Exhibit "9"

6    On December 29, 2003, Douglas H. Napier ("Napier") filed a Proof of Claim in

7  the amount of $4,528,795.00 (the "Napier Claim"), which was docketed in this case as Claim

8  No.  9.   The Napier Claim is missing from the Court's Claim File.

9    On April 20, 2009, Trustee mailed, via certified return receipt, a letter to

10  Napier requesting a copy of the Napier Claim be provided (the "Napier Letter and Mail

11  Receipt").  A true and correct copy of the Napier Letter and Mail Receipt is attached as Exhibit

12  "9" to the Marshack Declaration.

13    The Trustee objects to the Napier Claim on the grounds that Napier has not

14  provided a copy of the Napier Claim as required by Local Bankruptcy Rule 3007-1(c)(3)(A).

15    Based on the foregoing, the Trustee respectfully requests that the Napier Claim be

16  disallowed in its entirety.

17    D.    Claim Number 20 – Douglas M. Wright, $507,411.00, Exhibit "20"

18    On March 15, 2004, Douglas M. Wright ("Wright") filed a Proof of Claim in the

19  amount of $507,411.00 (the "Wright Claim"), which was docketed in this case as Claim No. 20.

20  The Wright Claim is missing from the Court's Claim File.

21    On April 20, 2009, Trustee mailed, via certified return receipt, a letter to

22  Wright requesting a copy of the Wright Claim be provided (the "Wright Letter and Mail

23  Receipt").  A true and correct copy of the Wright Letter and Mail Receipt is attached as Exhibit

24  "20" to the Marshack Declaration.

25    The Trustee objects to the Wright Claim on the grounds that Wright has not

26  provided a copy of the Wright Claim as required by Local Bankruptcy Rule 3007-1(c)(3)(A).

27    Based on the foregoing, the Trustee respectfully requests that the Wright Claim be

28  disallowed in its entirety.

10676v1/1015-002

1

6.    <u>CONCLUSION</u>

2

For the foregoing reasons, the Trustee respectfully requests that the Court sustain

3

the Objections as set forth herein and for such other and further relief as is just.

4

5

Dated:  December 4, 2009                **MARSHACK HAYS LLP**

6

7

By:__/s/  D. Edward Hays_____
                            D. EDWARD HAYS

8

                            Special Claims Counsel for the Chapter 7 Trustee,
                            Richard A. Marshack

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10676v1/1015-002

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     THE CLAIMANTS HAVE NOT MET THEIR BURDEN OF PROOF

Federal Rule of Bankruptcy Procedure 3001 provides in part as follows:

> (a)     *Form and Content*.  A proof of claim is a written statement setting forth a creditor's claim.  A proof of claim shall conform substantially to the appropriate Official Form.
>
> . . .
>
> (f)     *Evidentiary Effect*.  A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

A proof of claim executed and filed in accordance with Federal Rule of Bankruptcy Procedure 3001 constitutes *prima facie* evidence of the validity and amount of the claim.  *Garner v. Shier (In re Garner)*, 246 B.R. 617 (B.A.P. 9th Cir. 2000).

A party objecting to a claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim, after which the burden of proof shifts back to the claimant.  *In re Michigan-Wisconsin Transportation Co.*, 161 B.R. 628 (Bankr. W.D. Mich. 1993); *In re Aulicino*, 48 B.R. 252, 254 (Bankr. D. Conn. 1985).

Bankruptcy courts throughout the country as well as a leading treatise on bankruptcy law agree that in order for a claim to be afforded the *prima facie* validity set forth in Rule 3001(f), it must first comply with the rules for properly filing a proof of claim including, but not limited to, the mandates set forth in Rule 3001 of the Federal  Rules of Bankruptcy Procedure.  *See, Collier on Bankruptcy*, P. 3001.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2003), citing  *In re Stoecker*, 143 B.R. 879, 883 (Bankr. N.D.Ill. 1992); *Matter of Marino*, 90 B.R. 25, 28 (Bankr. D.Conn. 1988); *In re Svendsen*, 34 B.R. 341, 342 (Bankr. D.R.I. 1983).

If a claim is entitled to the *prima facie* validity set forth by Rule 3001(f), once an objecting party submits sufficient evidence to place the claimant's entitlement at issue, the burden of going forward with the evidence to sustain the claim shifts back to the claimant or its assignee.  *In re Harrison*, 987 F.2d 677 (10th Cir. 1993); *In re Fullmer*, 962 F.2d 1463 (10th Cir.

10676v1/1015-002

1    1992);  *In re Taylor*, 99 B.R. 371 (Bankr. S.D. Ohio 1989).  In *In re Allegheny International,*

2    *Inc.*, 954 F.2d 167 (3rd Cir. 1992), the Third Circuit stated in pertinent part:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial objection to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim . . ..  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

9    *Id*. at 174-75; <u>*see also, In re Global Western Dev. Corp.*</u>, 759 F.2d 724 (9th Cir. 1985).

10    The Bankruptcy Appellate Panel for the Ninth Circuit further stated in pertinent

11    part:

> If the objector produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of the evidence that the claim deserves to share in the distribution of the debtor's assets.

15    *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993).

16    The objecting party is not required to disprove the claim.  *In re Kahn*, 114 B.R. 40

17    (Bankr. S.D.N.Y. 1990).  The objecting party only has the initial burden of producing facts

18    sufficient to demonstrate that an actual dispute regarding the validity or amount of the claim

19    exists.  *In re Hydorn*, 94 B.R. 608 (Bankr. W.D. Mo. 1988).  The burden of persuasion is always

20    on the claimant to establish his entitlement to the claim.  *In re Holm*, 931 F.2d 620, 623 (9th Cir.

21    BAP 1991); *In re Vernon Sand & Gravel, Inc.*, 93 B.R. 580 (Bankr. N.D. Ohio 1988); *In re*

22    *Twinton Properties Partnership*, 44 B.R. 420 (Bankr. Tenn. 1984); *In re Ousley*, 2 B.R. 278

23    (S.D. Ohio 1988); *Kham & Nates Shoes No. 2, Inc. v. First Bank of Whiting*, 7 B.R. 420, 424

24    (Bankr. N.D. Ill. 1989) (claimant bears burden of persuasion by preponderance of evidence);

25    *Pepper v. Litton*, 308 U.S. 25, 304, 60 S.Ct. 244 (1939) (the bankruptcy court has the power to

26    "shift" the circumstances surrounding any claim to see that injustice or unfairness is not done in

27    an administration of the bankruptcy estate).  The standard of proof that the claimant must satisfy

28

8

1   to establish a valid claim against the bankrupt estate is a preponderance of the evidence.  *In re*:

2   *Pugh, supra; Collier, supra*, P. 3001.09.

3          In the present case, the Trustee has raised issues herein sufficient to controvert the

4   validity of the claims set forth herein.  Creditors now must establish by a preponderance of the

5   evidence that their claims should be allowed.  The burden of persuasion is on the claimants.

6          Based on the foregoing, the Trustee respectfully requests that the objections to the

7   claims set forth herein be sustained where appropriate, and the claims be allowed or disallowed

8   as set forth herein.

9   II.    ABSENT A RESPONSE BY THE CLAIMANTS, THE TRUSTEE'S OBJECTIONS

10          SHOULD BE SUSTAINED

11          In *In re Lewis*, 80 B.R. 39 (Bankr. E.D. Pa. 1987), the court addressed the

12   situation where a claimant fails to respond by stating:

13          *[a]n objection to a Proof of Claim is filed and properly served,
           but the claimant fails to answer in writing or to appear at the
14          hearing.  In this situation, we believe that the proper result is to
           strike the Proof of Claim*.  The filing of the objection calls the
15          prima facie validity of the claim into question, and the claimant, to
           preserve the claim, must express some interest in doing so.  Thus,
16          the objection cancels out the mere filing of a Proof of Claim and
           the failure of the claimant to defend it requires us to sustain the
17          objection without question, just as we are not inclined to question
           the validity of the Proof of Claim as filed if there is not objection
18          to it.

19   (Emphasis added).  *Id*. at 40-41.

20          Bankruptcy Code Section 502(b) enumerates the grounds for disallowance and

21   provides for allowance by the Bankruptcy Court "except to the extent that . . . such claim is

22   unenforceable against the debtor and property of the debtor under any agreement or applicable

23   law for a reason other than because such claim is contingent or unmatured".  In other words, any

24   defense the debtor may have to the enforceability to the claim outside bankruptcy is a good

25   defense to the allowance of the claim to the estate.  *Collier, supra*, P. 502.02.

26          While the burden of persuasion is always on a claimant, the burden of proof for

27   claims is a shifting one: a claim is prima facie valid if it alleges facts sufficient to support a legal

28   liability to the claimant; if the objector then produced evidence to refute at least one of the

9

1   allegations essential to the claim's legal sufficiency, the burden of going forward shifts back to

2   the claimant to prove the validity of the claim by a preponderance of the evidence. *Allegheny,*

3   *supra.*

4          Thus, absent a response by the claimants, the Trustee's objections should be

5   sustained where appropriate.

6   III.    CONCLUSION

7          Based on the foregoing, the Trustee respectfully requests that the objections to the

8   claims set forth herein be sustained in their entirety where appropriate, and for such other and

9   further relief as this Court deems just and proper.

10

11  Dated:  December 4, 2009                **MARSHACK HAYS LLP**

12

13                                          By:  /s/  D. Edward Hays
                                                 D. EDWARD HAYS
14                                               Special Claims Counsel for the Chapter 7 Trustee,
                                                 Richard A. Marshack

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10676v1/1015-002

1

## DECLARATION OF RICHARD A. MARSHACK

2

3              I, RICHARD A. MARSHACK, declare and state as follows:

4              1.      I am the Chapter 7 Trustee of the Bankruptcy Estate of  Four Star

5    Financial Services, LLC (the "Debtor").  I have personal knowledge of the facts set forth herein,

6    and if called upon to do so, could and would competently testify to those facts.

7              2.      I make this Declaration in support of the Trustee's First Omnibus Motion

8    for Order Disallowing Missing Claims ("Motion").

9              3.      In this case, several proofs of claim ("Claims") are missing from the claim

10   files kept by the Bankruptcy Court.

11             4.      On April 20, 2009, letters were mailed to the holders of the Missing

12   Claims, via certified return receipt, requesting a copy of each claim be provided ("Letters and

13   Return Receipts").  True and correct copies of the Letters and Return Receipts are attached

14   hereto as Exhibits "2", "7", "9" and "20."

15             5.      I  have not received copies of the missing claims from the following

16   claimants:

17

| Claim No. | Claimant | Exhibit No. |
|-----------|----------|-------------|
| 2  | Federal Express Corporation | 2  |
| 7  | Thomson West                | 7  |
| 9  | Douglas H. Napier           | 9  |
| 20 | Douglas M. Wright           | 20 |

22

23             I declare under penalty of perjury under the laws of the State of California that the

24   foregoing is true and correct.

25             Executed on December 17, 2009 at Irvine, California.

26

27                                   /s/  Richard A. Marshack
                                     RICHARD A. MARSHACK

28

11

EXHIBIT 2

**Richard A. Marshack, Trustee**
**24031 Dacron Centre Drive, Suite 260**
**Foothill Ranch, CA 92610**

April 20, 2009

FEDERAL EXPRESS CORPORATION
2050 CORPORATE AVENUE, 2ND FLOOR
MEMPHIS, TN 38132
2

Re:    Bankruptcy Case of Four Star Financial Services LLC
       U.S. Bankruptcy Court Case No. 2:03-37579-TD
       Your Claim:  Docket Number 2

Dear FEDERAL EXPRESS CORPORATION:

Please be advised, Richard A. Marshack is the duly-appointed trustee ("Trustee") in the above-entitled bankruptcy case.  As a part of the bankruptcy process, the Trustee is required to review all claims filed in this case.

The Trustee is unable to locate a copy of your claim in the Bankruptcy Court files.  As such, please forward a copy of your claim, including all documentation supporting your claim, within 30 (thirty) days of the date of this notice.

Failure to provide a copy of your claim no later than May 27, 2009, may result in the Trustee bringing an objection to your claim based on inadequate documentation.

Please forward a copy of your claim to my attention in one of the following manners:

E-mail:      pam.kraus@yahoo.com
Fax:         530 620-2159
Mail:        to the address above

Should you have any questions please call me at 530 620-2149.  Your prompt assistance will be appreciated.

Very truly yours,

Pamela Kraus
Case Administrator

F:\office\Cases A-F\Four Star\Missing Claim Request Letter
19707-000/34

EXHIBIT "2"
Page 12

FORM #35663 VERSION: 12/07
7160 3901 9845 4665 9636

**THE WALZ CERTIFIED MAILER™**

**WALZ**

FROM

Label #1

[barcode]
Federal Express Corporation
2050 Corporate Avenue, 2nd Floor
Memphis, TN 38132

Label #2

[barcode]
Federal Express Corporation
2050 Corporate Avenue, 2nd Floor
Memphis, TN 38132

Label #3

Richard Marschack
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

**TO:** Federal Express Corporation
2050 Corporate Avenue, 2nd Floor
Memphis, TN 38132

**SENDER:** LMC 4/20/09

**REFERENCE:** 19707-Four Star-2

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

| US Postal Service | POSTMARK OR DATE |
|---|---|
| **Receipt for Certified Mail** No Insurance Coverage Provided Do Not Use for International Mail | |

**← TEAR ALONG THIS LINE**

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**B**

Certified Article Number
7160 3901 9845 4665 9636
SENDERS RECORD

Label #4

Label #5

[barcode]
Federal Express Corporation
2050 Corporate Avenue, 2nd Floor
Memphis, TN 38132

Charge Amount:

Charge To:

Label #6

EXHIBIT "2"
Page 13

EXHIBIT 7

**Richard A. Marshack, Trustee**
**26632 Towne Centre Drive, Suite 260**
**Foothill Ranch, CA 92610**

April 20, 2009

THOMSON WEST
610 OPPERMAN DRIVE, D6-11-3807
EAGAN, MN  55123
7

Re:    Bankruptcy Case of Four Star Financial Services LLC
        U.S. Bankruptcy Court Case No. 2:03-37579-TD
        Your Claim:  Docket Number 7

Dear THOMSON WEST:

Please be advised, Richard A. Marshack is the duly-appointed trustee ("Trustee") in the above-entitled bankruptcy case.  As a part of the bankruptcy process, the Trustee is required to review all claims filed in this case.

The Trustee is unable to locate a copy of your claim in the Bankruptcy Court files.  As such, please forward a copy of your claim, including all documentation supporting your claim, within 30 (thirty) days of the date of this notice.

Failure to provide a copy of your claim no later than May 27, 2009, may result in the Trustee bringing an objection to your claim based on inadequate documentation.

Please forward a copy of your claim to my attention in one of the following manners:

E-mail:        pam.kraus@yahoo.com
Fax:          530 620-2159
Mail:          to the address above

Should you have any questions please call me at 530 620-2149.  Your prompt assistance will be appreciated.

Very truly yours,

Pamela Kraus
Case Administrator

F:\office\Cases A-F\Four Star\Missing Claim Request Letter
19707-000/34

THE
WALZ
CERTIFIED
MAILER™

FORM #35663 VERSION: 12/07

**WALZ**
FROM

Label #1

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Thomson West
610 Opperman Drive, D6-11-3807
Eagan, MN 55123

**TO:** Thomson West
610 Opperman Drive, D6-11-3807
Eagan, MN 55123

Label #2

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Thomson West
610 Opperman Drive, D6-11-3807
Eagan, MN 55123

**SENDER:** LMC 4/20/09

**REFERENCE:** 19707-Four Star-7

— TEAR ALONG THIS LINE →

PS Form 3800, January 2005

Label #3

Richard Marschack
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

| US Postal Service | POSTMARK OR DATE |
|---|---|

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do Not Use for International Mail

A   FOLD AND TEAR THIS WAY ——→ OPTIONAL

B

Label #4

Certified Article Number

SENDERS RECORD

7160 3901 9845 4665 9698

Label #5

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Thomson West
610 Opperman Drive, D6-11-3807
Eagan, MN 55123

Label #6

Charge
Amount:

Charge
To:

EXHIBIT "7"
Page 15

FOLD AND TEAR THIS WAY ——→

EXHIBIT 9

**Richard A. Marshack, Trustee**
**26632 Towne Centre Drive, Suite 260**
**Foothill Ranch, CA 92610**

April 20, 2009


DOUGLAS H. NAPIER
607 EIGHTH STREET, SUITE ONE
FORT MADISON, IA 52627
9

Re:    Bankruptcy Case of Four Star Financial Services LLC
       U.S. Bankruptcy Court Case No. 2:03-37579-TD
       Your Claim:  Docket Number 9


Dear DOUGLAS H. NAPIER:

Please be advised, Richard A. Marshack is the duly-appointed trustee ("Trustee") in the above-entitled bankruptcy case.  As a part of the bankruptcy process, the Trustee is required to review all claims filed in this case.

The Trustee is unable to locate a copy of your claim in the Bankruptcy Court files.  As such, please forward a copy of your claim, including all documentation supporting your claim, within 30 (thirty) days of the date of this notice.

Failure to provide a copy of your claim no later than May 27, 2009, may result in the Trustee bringing an objection to your claim based on inadequate documentation.

Please forward a copy of your claim to my attention in one of the following manners:

E-mail:      pam.kraus@yahoo.com
Fax:         530 620-2159
Mail:        to the address above

Should you have any questions please call me at 530 620-2149.  Your prompt assistance will be appreciated.

Very truly yours,

Pamela Kraus
Case Administrator


F:\office\Cases A-F\Four Star\Missing Claim Request Letter
19707-000/34


EXHIBIT "9"
Page 16

FORM #35663 VERSION: 12/07
U.S. PAT. NOS. 5,201,921/09

THE
WALZ
CERTIFIED
MAILER™

**FROM** WALZ

Label #1
lıldndılıllıudılındl
Douglas H. Napier
607 Eighth Street, Suite One
Fort Madison, IA 52627

**TO:** Douglas H. Napier
607 Eighth Street, Suite One
Fort Madison, IA 52627

Label #2
lıldndılıllıudılındl
Douglas H. Napier
607 Eighth Street, Suite One
Fort Madison, IA 52627

— TEAR ALONG THIS LINE →

**SENDER:** LMC 4/20/09

**REFERENCE:** 19707-Four Star-9

PS Form 3800, January 2005

Label #3
Richard Marschack
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

| US Postal Service | POSTMARK OR DATE |
|---|---|
| **Receipt for Certified Mail** | |

No Insurance Coverage Provided
Do Not Use for International Mail

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**B**

Label #4

Certified Article Number
SENDERS RECORD

7160 3901 9845 4665 9711

Label #5
lıldndılıllıudılındl
Douglas H. Napier
607 Eighth Street, Suite One
Fort Madison, IA 52627

Label #6

Charge
Amount:

Charge
To:

EXHIBIT "9"
Page 17

EXHIBIT 20

**Richard A. Marshack, Trustee
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610**

April 20, 2009

DOUGLAS M. WRIGHT
290 NORTH "D" STREET
MEMPHIS, TN 38103
20

Re:  Bankruptcy Case of Four Star Financial Services LLC
     U.S. Bankruptcy Court Case No. 2:03-37579-TD
     Your Claim:  Docket Number 20

Dear DOUGLAS M. WRIGHT:

Please be advised, Richard A. Marshack is the duly-appointed trustee ("Trustee") in the above-entitled bankruptcy case.  As a part of the bankruptcy process, the Trustee is required to review all claims filed in this case.

The Trustee is unable to locate a copy of your claim in the Bankruptcy Court files.  As such, please forward a copy of your claim, including all documentation supporting your claim, within 30 (thirty) days of the date of this notice.

Failure to provide a copy of your claim no later than May 27, 2009, may result in the Trustee bringing an objection to your claim based on inadequate documentation.

Please forward a copy of your claim to my attention in one of the following manners:

E-mail:      pam.kraus@yahoo.com
Fax:         530 620-2159
Mail:        to the address above

Should you have any questions please call me at 530 620-2149.  Your prompt assistance will be appreciated.

Very truly yours,

Pamela Kraus
Case Administrator

F:\office\Cases A-F\Four Star\Missing Claim Request Letter
19707-000/34



**THE
WALZ
CERTIFIED
MAILER™**

FROM

FORM #35663 VERSION: 12/07
US PAT. NO 5,901,961

**WALZ**

Label #1

‖‖‖‖‖‖‖‖‖‖‖
Douglas M. Wright
290 North "D" Street
Memphis, TN 38103

Label #2

‖‖‖‖‖‖‖‖‖‖‖
Douglas M. Wright
290 North "D" Street
Memphis, TN 38103

Label #3

Richard Marschack
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

**TO:** Douglas M. Wright
290 North "D" Street
Memphis, TN 38103

TEAR ALONG THIS LINE

**SENDER:** LMC 4/20/09

**REFERENCE:** 19707-Four Star-20

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

| US Postal Service | POSTMARK OR DATE |
|---|---|
| **Receipt for Certified Mail** | |

No Insurance Coverage Provided
Do Not Use for International Mail

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**B**

Label #5

‖‖‖‖‖‖‖‖‖‖‖
Douglas M. Wright
290 North "D" Street
Memphis, TN 38103

Label #6

Certified Article Number

SENDERS RECORD

7160 3901 9845 4665 9759

Label #4

Charge
Amount:

Charge
To:

EXHIBIT "20"
Page 19

| In re: FOUR STAR FINANCIAL SERVICES, LLC, | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:03-bk-37579-TD |

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5410 Trabuco Road, Suite 130, Irvine, CA 92620

The foregoing document described as **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND FIRST OMNIBUS MOTION FOR ORDER DISALLOWING MISSING CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 17, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Richard A Marshack    pkraus@marshackhays.com, rmarshack@ecf.epiqsystems.com
_ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **December 17, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Thomas B. Donovan – via U.S. Mail
U.S. Bankruptcy Court, Suite 1352
255 E. Temple Street
Los Angeles, CA 90012-3332
**X** Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

_ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 17, 2009 | Layla Bergini | /s/ Layla Bergini |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California. *January 2009*    **F 9013-3.1**

10676v1/1015-002

**II.  <u>SERVED BY U.S. MAIL</u>** – continued:

<u>SERVICE LIST</u>

| <u>ATTORNEY FOR DEBTOR</u><br>ARTHUR A GREENBERG, ESQ<br>16000 VENTURA BLVD SUITE 1000<br>ENCINO, CA 91436 | | <u>CLAIMANT</u><br>FEDERAL EXPRESS CORPORATION<br>2005 CORPORATE AVENUE, 2ND FL<br>MEMPHIS, TN 38132 |
|---|---|---|
| <u>CLAIMANT</u><br>DOUGLAS H. NAPIER<br>607 EIGHTH STREET, SUITE ONE<br>FORT MADISON, IA 52627 | <u>CLAIMANT</u><br>DOUGLAS M. WRIGHT<br>290 N. "D" STREET<br>MEMPHIS, TN 38103 | <u>CLAIMANT</u><br>THOMSON WEST<br>610 OPPERMAN DR, D6-11-307<br>EAGAN, MN 55123 |
| | | |